Economy Cabs, Inc., v. Georgia Kirkland, *et vir.*

174 So. 222.
Opinion Filed February 1, 1937.
Rehearing Denied May 20, 1937.

*Austin Miller,* for Plaintiff in Error.

*Ralph K. Roberts* and *Bedell & Bedell,* for Defendant in Error.

Terrell, J.—The declaration in this case was in two counts. The first count charges in essence that defendant, plaintiff in error, was a common carrier of passengers for hire by taxicabs in the City of Jacksonville, that on the twelfth day of May, 1933, the plaintiff, defendant in error, was received by defendant as a passenger to be transported for a reasonable reward from 2367 Orchard Street to St. Luke's Hospital in said city, yet the defendant so negligently and unskillfully performed its duty in the premises that at a point near the intersection of Beaver Street and McDuff Avenue she was severely shaken, jolted, bruised, wounded and injured in and about her head, body, and limbs, her spinal column injured, the body of the eighth

dorsal vertebra of her spinal column fractured, with the disability and expense incident thereto.

The second count is the same as the first except that it charges the same acts of negligence to have been committed by the lawfully employed agent of defendant. She brought this action and claimed damages in the sum of $20,000.

The case went to trial on the issue made by the following pleas to the declaration: (1) Not guilty; (2) That the defendant was not a common carrier for hire; (3) That said taxicab was not being operated by the defendant as alleged; (4) That the operator of the said taxicab was operating the same as an independent contractor on his own account as if the said automobile were his own property; (5) The defendant denied that the plaintiff was received by defendant as a passenger in one of its taxicabs; and (6). That the defendant denied that said taxicab was being operated by the defendant through its agent or employee.

The trial resulted in a verdict for $6150, a motion for new trial was denied conditioned on the entry of a remittitur for $2800, which was accepted by the plaintiff and defendant took writ of error to the judgment.

The extent of the injury, the right of discovery, nor the amount of the judgment are challenged. It is contended that there can be no recovery in this case because there is a fatal variance between the allegata and the probata in that the declaration declares that the defendant corporation owned and operated a certain taxicab as a common carrier for hire, in which plaintiff was injured, while the proof shows conclusively that said taxicab was owned and operated by a third party.

On this point the evidence discloses that on the day of the accident plaintiff called the Economy Cab by telephone for a taxi, a taxicab responded promptly bearing the in-

scription, "Economy Cab," plaintiff got in the cab, paid her fare, and proceeded on her journey until the accident in which she was injured took place. After the accident she was carried in the same cab, driven by the same driver, to St. Luke's Hospital where she was given first aid and later surgical treatment.

The driver of the cab in which plaintiff was transported testified that the cab had the inscription, Economy Cab, on the side, that he was driving plaintiff at the time of the accident but that he was driving for Mr. J. H. Sheppard by whom he was employed and was paid. He testified further that he ceased driving for Sheppard about the first of June, 1933, that there were a number of cabs in the service of Economy Cabs Company, that they were all inscribed, Economy Cabs, and got all their orders from and performed all their service as such for Economy Cabs Company.

The certificate of incorporation of Economy Cabs, Inc., filed in the office of the Secretary of State March 4, 1933, was read in evidence and showed that its business was "to own and operate automobiles, cabs and omnibuses, for hire, on and over streets and roads in cities and on public highways." It was proven that at the time of the accident Economy Cabs were transporting passengers about the City of Jacksonville.

It is shown that some of the cabs were owned by third parties but all bore serial numbers, held themselves out to the public for hire in the name of Economy Cabs, and were required to be inscribed in a conspicuous place, Economy Cabs. None of the foregoing facts were contradicted. Under such state of facts the law will presume as to the public generally and the plaintiff that defendant cab and driver were common carrier for hire and in the service

of the company whose name it bore. One of the first principles of hornbook law we were taught in the law school was that for every wrong the law provides a remedy. If the law is to be circumvented by litigants as proposed here then we were taught a futile lesson. They should not be permitted to parade under a flag of truce to garner a profit and then raise the black flag when called on to make restitution for damages perpetrated. Callas v. Independent Taxi Owners' Ass'n, 66 Fed. (2nd) 192; Certiorari Denied, 290 U. S. 669, 54 Sup. Ct. 89, 78 L. Ed. 578; Vance v. Freedom Oil Works Co., 113 Pa. Sup. 280, 173 Atl. 496; Bank v. Danridge, 12 Wheat. (U. S.) 64, 6 L. Ed. 552.

This rule applies to and governs all persons to whom defendant furnished transportation, including the plaintiff and those who deal with Economy Cabs as a corporation. Third parties who happen to own a cab and use it in the name of the company at the call of the company and under the colors of the company will be treated as the company. Anderson v. Yellow Cab Co., 179 Wis. 300, 191 N. W. 748; Burke v. Shaw Transfer Co., 211 Mo. App. 353, 243 S. W. 449; Rhone v. Try Me Cab Co., 65 Fed. (2d) 834.

It is contended that the certified copy of the certificate of incorporation was incompetent to prove the corporate acts of defendant. In some of the cases here cited the certificate of incorporation was admitted in evidence and when taken in connection with other evidence submitted, no attempt being made on the part of defendant to contradict it, the jury could have reached no other conclusion. The law in this State makes it presumptive evidence of incorporation and, therefore, competent evidence. Section 6587, Compiled General Laws of 1927.

The only other question necessary to consider is pred-

icated on the order of the trial court sustaining the demurrer to defendant's amended fifth plea which in effect alleges that defendant did not own or operate the cab in which plaintiff was injured as a common carrier for hire, nor did it as such control the driver of said cab.

The answer to this question is that the declaration does not allege ownership of the taxicab in question but grounds recovery solely on the charge that defendant was a common carrier for hire and accepted the plaintiff as a passenger and failed to deliver her safely. Ownership of the cab was not alleged or relied on. The second count is different from the first only in that it charges negligence to have been committed by a servant or agent of defendant. All that we have said about the first count applies equally to the second.

Having reached this conclusion on the main question, it becomes unnecessary to consider other questions raised. It follows that the judgment below must be and is hereby affirmed.

Affirmed.

ELLIS, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.