### BOYETT et al. v. GALEY.
#### No. 4830.

Court of Civil Appeals of Texas. Beaumont.

Dec. 31, 1952.

Rehearing Denied Jan. 21, 1953.

Motion to Certify to Supreme Court Overruled Feb. 11, 1953.

Terell Buchanan, Silsbee, for appellant.

Carl Waldman, Beaumont, Blakeley & Blakeley, Dallas, for appellee.

R. L. MURRAY, Justice.

This is an appeal from a judgment overruling the plea of privilege of W. C. Boyett, doing business as City Cab Company in a suit filed against him and Francis Cochran in the District Court of Jefferson County. Galey sued Boyett and Cochran for damages to his automobile caused by a collision

of his car and a taxicab owned by Boyett and driven by Cochran. The collision occurred at the intersection of 11th Street and Calder Avenue, Beaumont, Jefferson County. His petition alleged negligence on the part of the driver of the taxicab in various particulars, such as failure to keep a proper lookout, failure to stop at a red stop signal, driving at a speed in excess of 30 miles per hour in violation of the State law, driving at a high and dangerous rate of speed under the circumstances, failure to apply the brakes, failure to turn to the left in order to avoid the collision, failure to yield right of way. By his first amended original petition Galey alleged also that the taxicab in collision with his car was owned by Boyett and driven by Cochran and alleged Cochran was an agent or employee of Boyett and was driving the cab in the discharge of his duties and within the scope of his employment.

Appellant Boyett filed his plea of privilege to be sued in Hardin County, the county, the county of his residence. The appellee Galey controverted that plea of privilege, alleging that the driver of the cab at the time of the collision was guilty of certain crimes and trespasses in Jefferson County, and, therefore, under Exception 9, Article 1995, Vernon's Annotated Civil Statutes, venue of suit was in Jefferson County. The controverting plea also made plaintiff's first amended original petition a part of the controverting plea and alleged that the allegations in such petition were true and correct. After a hearing and after overruling exceptions by the appellant to the controverting affidavit, the trial court overruled the plea of privilege and appellant has duly perfected his appeal.

By his first point appellant says that the trial court erred in overruling paragraph VI of his exceptions to the controverting affidavit, which were to the effect that such affidavit did not show that the person signing the affidavit was acquainted with the facts of the case. The controverting affidavit which is under attack by the appellant begins in the following way:

"Comes now C. E. Galey * * * and says that he has good reason to believe, and does believe, and so alleges that defendant's plea is incorrect and that * * *."

The jurat to the controverting affidavit, however, is as follows:

"Before me, the undersigned authority on this day personally appeared John F. Harrison, who on his oath stated that he is attorney for the plaintiff in the above entitled and numbered cause, and that the allegations, denials, and facts set out in the foregoing controverting plea and petition attached thereto are true and correct.

John F. Harrison
"Sworn to and subscribed, etc."

It has been held many times that plaintiff's attorney may make the affidavit controverting a plea of privilege and where such affidavit was sufficient in form and did not indicate that the petition or affidavit was based on information or hearsay, the court must accept such affidavit for what it appears to be on its face. Since the affidavit here by the attorney for the plaintiff in the trial court is an outright statement that the allegations and denials stated in the controverting plea and petition were true and correct, the trial court did not err in overruling the exceptions thereto. Nunneley, v. Weiler, Tex.Civ. App., 244 S.W.2d 707; Montgomery v. Gibbens, Tex.Civ.App., 245 S.W.2d 311; Evans v. Jeffrey, Tex.Civ.App., 181 S.W.2d 709; Doll v. Mundine, 84 Tex. 315, 19 S.W. 394.

By this second point the appellant says the trial court erred in overruling his exception to the trial amendment filed by the appellee during the hearing on the plea of privilege, for the reason that said trial amendment was not sufficient in itself as a controverting affidavit. The trial court allowed the appellee to file a brief trial amendment to his first amended original petition, alleging "in the alternative that on or about the 25th day of September, 1950, Francis Cochran and W. C. Boyett, doing business as City Cab Company, jointly operated a taxicab in the City of Beaumont, Texas, that through the negligent operation thereof by the defendants, and

agents, servants or employees, plaintiff's automobile was damaged through a collision with another automobile which was then being driven by defendant Francis Cochran; that defendants and agent, servant or employee was guilty of negligence as alleged in paragraphs 2, 3, and 4 of plaintiff's first amended original petition, and that plaintiff was damaged as set out in paragraph 5 of the said first amended original petition." This trial amendment was not sworn to. We find no harm to the appellant in the action of the trial court in overruling his exception to this trial amendment. We note that it was an alternative pleading, alleging that the two defendants jointly operated a cab at the time of the collision. The first amended original petition which was made a part of the controverting plea alleged that the driver Cochran was an agent or employee of Boyett. From the facts developed upon the hearing, which will be discussed under Points 3 and 4 below, it is apparent that no evidence was introduced by virtue of the trial amendment which would not have been admissible under the original allegations in the petition. This point shows no harmful error and is overruled.

■ By his third point the appellant says there was not sufficient evidence to support a finding that Cochran was an agent or employee of Boyett. By his fourth point appellant says that there was not sufficient evidence to support a finding that Cochran was acting within the scope of his employment, if any, for Boyett while in Jefferson County at the time of the collision. We will discuss both points together. On the evidence it was established that Cochran was transporting passengers and was driving a City Cab Company cab which struck Galey's automobile at the intersection of two streets in the City of Beaumont in Jefferson County, and the evidence was sufficient to support a finding by the trial court that Cochran, the driver, was guilty of negligence, crimes and a trespass in Jefferson County, which were the proximate causes of the damage to appellee's automobile. The controversy here raised by the appellant's third and fourth points is entirely over the relationship between

Cochran, the driver, and Boyett, who operated the City Cab Company in Silsbee in Hardin County. The car Cochran was driving was a Chevrolet Taxi Cab and had a sign on it "City Cab Company" and it was owned by Boyett, doing business as City Cab Company. Boyett was engaged in the taxi business under that name in Silsbee. He has a dispatching station under the City Cab Company name, owns the taxicabs which he leases to various taxi drivers, Cochran being one of them. He paid for the telephone listing and a man is present in the office who answers the telephone as City Cab Company; calls for taxicab service that come in are given to the various drivers customarily and Boyett directs them to pick up passengers and take them to their destination. People in Silsbee generally call him for trips and he has the cab drivers go out and pick them up and take them to their destination. All of his cabs have the sign City Cab Company on them and he gives the cab driver a commission to drive his cab. He is paid a daily rental by the cab driver for each cab. After he found out about the collision in suit he fired Francis Cochran. Boyett testified that he understands it to be the law of the State that a taxicab is not permitted to haul passengers between two incorporated towns; that he expressly forbids any of his drivers to haul passengers between two incorporated towns; that he had been told that Cochran did pick up two passengers and took them to Beaumont on the date of the collision and that he did not give him permission to come to Beaumont on that date. In answer to the question "Are there many occasions when you take passengers from the City of Silsbee to Beaumont" he answered "very seldom." He testified that a majority of the calls are accepted by the drivers. From the above evidence the appellant argues that the status of employer and employee is not present in this arrangement between Boyett and Cochran and that Cochran was not an employee of Boyett, but an independent contractor. Appellant quotes at length from authorities in Texas announcing the holdings that under certain circumstances of limited control, drivers of cars

and trucks of other people and of their own are independent contractors. Our attention is directed by appellee, however, to the case of Martin v. Weaver, Tex.Civ. App., 161 S.W.2d 812 which holds that under circumstances similar to those under which the City Cab Company operated its cabs the driver of the cab was not an independent contractor but was an agent of the cab company. The holding is based on the proposition that one may not be allowed to engage extensively in the business of a carrier of passengers, derive profits therefrom and evade his legal responsibility through the employment of an instrumentality of doubtful financial responsibility. The liability of taxicab owners who lease their cabs to drivers and yet maintain a central agency for accepting calls and dispatching cars for hauling passengers by means of taxicabs is discussed in 120 A.L.R. 1351 and, Association of Independent Taxi Operators v. Kern, 178 Md. 252, 13 A.2d 374, 131 A.L.R. 797. In Richmond v. Clinton, 144 Kan. 328, 58 P.2d 1116, 1118, the court said in holding the cab company liable for injuries caused by one of the drivers, "To permit a cab company to evade liability for injuries under these circumstances would indeed be an easy way to circumvent police ordinances, requiring taxicab companies to carry insurance for the protection of the general public." We think under the holding in the Martin v. Weaver case, supra, Cochran here was an agent of Boyett and the appellant's third point is overruled.

We think under the evidence the trial court would have been justified in finding that not only was the driver Cochran an agent of Boyett, the cab company owner, but that he was at the time of the collision engaged in carrying out the purpose of business and furthering the interests of both himself and Boyett when he drove the two passengers from Silsbee to Beaumont. No findings of fact or conclusions of law were requested or filed and hence on appeal we must make all findings and conclusions in support of the trial court's judgment which the evidence warrants. It is apparent from the evidence that the City Cab Company's cabs on some occasions did take

passengers between the two incorporated cities; that the people in Silsbee where the cab company operated called upon it for transportation service and that Boyett and Cochran benefited to some extent by occasionally making such a trip. Taken as a whole, we think the evidence supports an implied finding by the trial court that Cochran was furthering Boyett's business at the time he drove his passengers from Silsbee to Beaumont and the appellant's fourth point must be overruled.

The judgment of the trial court is affirmed.