A. H. RODRIQUEZ, Appellant,

v.

Crisogono ZAVALA, Appellee.

No. 12867.

Court of Civil Appeals of Texas.

San Antonio.

May 18, 1955.

Greenwood & Russell, Harlingen, for appellant.

Smith & McIlheran, Weslaco, for appellee.

POPE, Justice.

A. H. Rodriquez, owner of the Blue Top Taxi Company, has appealed from a judgment upon jury findings that the driver of a Blue Top Taxicab was negligent in running into the side of a train, which negligence proximately caused personal injuries to the plaintiff and his wife who were passengers in the taxicab. Appellant insists that the trial court erred (1) because it submitted an issue about proximate cause when the plaintiff only alleged that the acts and omissions of the defendant were the sole proximate cause; (2) because it failed to submit defendant's requested special issue that the driver of the taxicab was not an independent contractor and also failed to submit defendant's requested special issue on whether the acts and omissions of the railroad were not the sole proximate cause of the accident, and (3) because the court refused defendant's requested special issue inquiring whether the taxi driver was the defendant's employee.

Plaintiff and his wife were passengers in a taxicab which was driven by David Sanchez. The cab bore the sign of the Blue Top Taxi Company, which company was exclusively owned by the defendant, Rodriquez. The cab itself belonged to the driver who furnished his own insurance and bore the automobile expenses. The driver paid the owner of the company thirty per cent of the fares, operated out of the company office, was dispatched by the company, was subject to control by the company with reference to the transportation of passengers, was on duty and on call for the taxi company when the accident occurred, and was transporting the plaintiff and his wife in

response to a call they placed to the Blue Top Taxi Company for a taxi.

With the plaintiff and his wife in the cab, the driver approached a railroad crossing and drove into a train. The jury found that the taxi driver negligently failed to keep a proper lookout for the train, which proximately caused injuries to the plaintiff and his wife, and the court rendered judgment in favor of the plaintiff.

■ Defendant's complaint that the plaintiff alleged sole proximate cause but proved proximate cause only, is without merit. The plaintiff alleged factually the manner in which the collision occurred. After stating the facts leading up to the collision, he alleged what the "resulting" collision caused or did to plaintiff. The pleadings give notice of an ordinary accident, state three separate acts of negligence, generally allege proximate cause and specially allege sole proximate cause. In our opinion, the plaintiff sufficiently pleaded and has met the burden required by this kind of suit.

■ The trial court properly refused the defendant's requested issues. Defendant requested the submission of an issue which would have required the plaintiff to prove that the driver was not an independent contractor. He also requested an issue on sole proximate cause. Since the defendant went to trial upon a general denial only, the two rebuttal issues were not raised by affirmative pleadings. Rules 277, 279, T.R.C.P., expressly preclude the defendant's right to a submission of these unpleaded issues. Harvey v. Crockett Drilling Co., Tex.Civ.App., 242 S.W.2d 952; Thompson v. Gibbs, Tex.Civ.App., 238 S.W.2d 213, reversed on other grounds, 150 Tex. 315, 240 S.W.2d 287; Lincoln County Mut. Fire Ins. Co. v. Goolsby, Tex.Civ.App., 240 S.W.2d 402; Safety Casualty Co. v. Teets, Tex.Civ.App., 195 S.W.2d 769.

■ Defendant insists that a part of the plaintiff's burden was to prove that the driver was the employee of the Blue Top Taxi Company and no issue was submitted on that point. The defendant made no objection to the omission, but requested an issue on the matter, which demonstrated that he did not consent to withdraw the issue from the jury. Rule 279, T.R.C.P; Ray v. Rushin, Tex.Civ.App., 225 S.W.2d 208; 3 McDonald, Texas Civil Practice, 1157, § 12.36.

■ The trial court obviously ruled that, as a matter of law, the driver was the defendant's employee and submitted no issue on that matter, which was a part of the plaintiff's burden of proof. We are of the opinion that the trial court correctly ruled that the driver was defendant's employee at the time of the accident. Plaintiff telephoned the office of Blue Top Taxi Company for a cab. In response to that request, Blue Top Taxi Company dispatched the driver. That cab bore the sign of the Blue Top Taxi Company. The defendant owner of the Blue Top Taxi Company testified that the driver worked out of his office and "works under my telephone." He testified further that he, the owner would tell the driver when to come to work and when to quit work. The driver had certain hours during which he was to work. This arrangement had existed for more than two years.

The driver testified that he sometimes operated on his own time, when he was not on duty for defendant, but that fact is irrelevant to this suit, for the undisputed evidence is that he was on duty for the Blue Top Taxi Company when this accident occurred. The driver testified, however, that even while off duty he shared his fares with the owner. The facts upon which the defendant relies as raising an issue on the employer-employee relationship are, that the driver owned his own car, bore all insurance and automobile expenses incident to the operation of his own vehicle, and shared his fares with the owner of the taxi company by paying him thirty per cent of his revenue.

■ These facts are not disputed, and "Where the facts are undisputed and the evidence is reasonably susceptible of but

a single inference, the question whether the relationship of employer and independent contractor exists is one of law for the court." 57 C.J.S., Master and Servant, § 617; Smith Bros. v. O'Bryan, Tex.Com. App., 127 Tex. 439, 94 S.W.2d 145; Thraves v. Hooser, Tex.Com.App., 44 S.W. 2d 916; Taylor v. Haynes, Tex.Civ.App., 19 S.W.2d 850, reversed on other grounds, Haynes v. Taylor, Tex.Com.App., 35 S.W. 2d 104; Spears Dairy v. Bohrer, Tex.Civ. App., 54 S.W.2d 872; Taylor v. Esparza, Tex.Civ.App., 8 S.W.2d 288.

■ The law of most jurisdictions with reference to taxicabs which dispatch a cab in response to a call by a member of the public, is that the owner of the company may not escape liability by a plea that the cab owner or driver was an independent contractor. Perhaps the strongest expression of the rule is found in Economy Cabs v. Kirkland, 127 Fla. 867, 174 So. 222, 223, which says:

"It is shown that some of the cabs were owned by third parties but all bore serial numbers, held themselves out to the public for hire in the name of Economy Cabs, and were required to be inscribed in a conspicuous place, Economy Cabs. None of the foregoing facts were contradicted. Under such state of facts the law will presume as to the public generally and the plaintiff that defendant cab and driver were a common carrier for hire and in the service of the company whose name it bore. One of the first principles of hornbook law we were taught in the law school was that for every wrong the law provides a remedy. If the law is to be circumvented by litigants as proposed here, then we were taught a futile lesson. They should not be permitted to parade under a flag of truce to garner a profit and then raise the black flag when called on to make restitution for damage perpetrated. Callas v. Independent Taxi

Owners' Ass'n, 62 App.D.C. 212, 66 F.2d 192, certiorari denied 290 U.S. 669, 54 S.Ct. 89, 78 L.Ed. 578; Vance v. Freedom Oil Works Co., 113 Pa. Super. 280, 173 A. 496; Bank of United States v. Dandridge, 12 Wheat. 64, 6 L.Ed. 552.

"This rule applies to and governs all persons to whom defendant furnished transportation, including the plaintiff and those who deal with Economy Cabs as a corporation. Third parties who happen to own a cab and use it in the name of the company at the call of the company and under the colors of the company will be treated as the company. Anderson v. Yellow Cab Co., 179 Wis. 300, 191 N.W. 748, 31 A.L.R. 1197; Burke v. Shaw Transfer Co., 211 Mo.App. 353, 243 S.W. 449; Rhone v. Try Me Cab Co., 62 App.D.C. 201, 65 F.2d 834."

In Meridian Taxicab Co. v. Ward, 184 Miss. 499, 186 So. 636, 640, 120 A.L.R. 1346, it appears that, as in this case, the negligence issues were submitted, but the issue of the relationship between the company owner and the taxi driver was resolved by the court. In holding that the driver was an employee of the company, the Court stated: "It (the company owner) controlled the driver in that it gave him orders where to go." The prevailing view accords with this principle of law. Richmond v. Clinton, 144 Kan. 328, 58 P.2d 1116; Lassen v. Stamford Transit Co., 102 Conn. 76, 128 A. 117; Rhone v. Try Me Cab Co., 62 App.D.C. 201, 65 F.2d 834; Restatement, Agency, § 267a 1; Middleton v. Frances, 257 Ky. 42, 77 S.W.2d 425; accord, Boyett v. Galey, Tex.Civ.App., 254 S.W.2d 807; Martin v. Weaver, Tex.Civ.App., 161 S.W.2d 812; King v. Brenham Automobile Co., Tex.Civ.App., 145 S.W. 278.

The trial court properly determined that the driver was defendant's employee.

The judgment is affirmed.