SCHWARTZ, Chief Judge
(dissenting).
I agree entirely with the court’s treatment of the “relation back” issue and that the action against the present appellee, Metro Limo, Inc. was consequently not barred by the statute of limitations. Nevertheless, I would affirm the judgment in its favor below on the simple ground that it had no substantive liability for the accident in question.
The trial court found that Metro Limo, Inc.’s involvement in the confusing scenario was that it
permitted taxicabs which paid it a weekly fee to use the logo “Metro Taxi” and Metro phone number on the side of [the] taxicab.
While these facts might arguably give rise to a claim against Metro Taxi Cab Co. Inc., see Mercury Cab Owners’ Ass’n v. Jones, 79 So.2d 782 (Fla.1955); Economy Cabs, Inc. v. Kirkland, 127 Fla. 867, 174 So. 222 (1937), that defendant had long since won an unap-pealed summary judgment in its favor. No liability may be imposed, however, under the dangerous instrumentality doctrine or otherwise, upon a corporation simply for accepting funds for the use of another company’s name on a taxicab.[2] 4A Fla.Jur.2d Automobiles & Other Vehicles § 667 (1994).

. There is no contention that the separate identities of the two corporations should be disregarded nor any legal basis to do so. See Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla.1984).