**Montetoille PIERRE a/k/a/ Pierre Montetoille and Cowboy Cab Company, Inc., Appellants**

v.

**Barbara SWEARINGEN, Appellee.**

**No. 05–09–01085–CV.**

Court of Appeals of Texas, Dallas.

Jan. 6, 2011.

Rehearing Overruled Feb. 15, 2011.

Michael D. Payma, Payma & Kuhnel & Smith, P.C., Dallas, TX, for Appellant.

John E. Agnew, Burleson, Pate & Gibson, L.L.P., Dallas, TX, for Appellee.

Before Justices MORRIS, MOSELEY, and MYERS.

## OPINION

Opinion By Justice MORRIS.

This appeal follows a trial before the court without a jury. Pierre Montetoille and Cowboy Cab Company, Inc. challenge the trial court's judgment against them in favor of Barbara Swearingen on her claim for negligence. Appellants present five issues contesting the trial court's finding of liability against Cowboy Cab and the amount of damages awarded. After reviewing the parties' arguments, the record on appeal, and the applicable law, we affirm the trial court's judgment.

### I.

On June 19, 2006, Barbara Swearingen was in her car, preparing to make a left-hand turn into her apartment's parking lot,

when she was struck from behind by a taxicab driven by Pierre Montetoille.[1] At the time of the impact, the taxicab was traveling on a Dallas street at approximately thirty-five miles per hour. Montetoille conceded at trial that he was following too closely and that he did not apply the brakes before his vehicle hit Swearingen's. The impact of the crash pushed Swearingen's car into an oncoming lane of traffic. The crash also caused Swearingen's head to move forward and back rapidly enough that her earring flew into the back of the car. Swearingen testified that she immediately felt pain in her neck and head and she was taken to the hospital by ambulance.

At the hospital, Swearingen underwent a CT scan. Doctors prescribed pain pills and muscle relaxers before discharging her. Because the prescribed medication did not resolve Swearingen's pain, she went to see a neurologist. The neurologist prescribed physical therapy including electrical impulses, heat, and stretching. Swearingen's condition improved, but she testified that she continues to experience pain and limited range of movement in her neck.

Swearingen sued Montetoille and Cowboy Cab Company alleging a claim for common law negligence. After hearing the evidence, the trial court found in favor of Swearingen and rendered judgment against appellants jointly and severally. The trial court awarded Swearingen $7,231.14 for past medical expenses, $20,000 for past physical impairment, and $20,000 for past physical pain and mental anguish. This appeal ensued.

## II.

■ We first address appellants' third issue in which they contend the trial court erred in rendering judgment against Cowboy Cab based on a respondeat superior or principal-agent theory of liability. Appellants argue that Swearingen failed to plead either theory in her petition and, therefore, she is not entitled to recover from Cowboy Cab on those grounds. Swearingen's petition clearly alleges, however, that "Defendant Cowboy Cab Company, Inc., through its agent, servant, and/or employee, Defendant Pierre Montetoille" was negligent and caused her damages. Cowboy Cab did not file special exceptions, and we construe the petition liberally in favor of the pleader. See Sibai v. Wal–Mart Stores, Inc., 986 S.W.2d 702, 707 (Tex. App.-Dallas 1999, no pet.). The petition's language is sufficient to put Cowboy Cab on notice that Swearingen was asserting both respondeat superior and agency theories of liability.

■ Appellants next argue that the evidence is legally and factually insufficient to support a finding of liability against Cowboy Cab under either theory of liability. Appellants did not request findings of fact and conclusions of law from the trial court and none were made. Accordingly, the law implies the trial court found all facts necessary to support its judgment. See Worford v. Stamper, 801 S.W.2d 108, 109 (Tex.1990). Even so, the implied findings may be challenged on appeal for legal and factual sufficiency when, as here, the record includes the reporter's

1. We note the reporter's record in this case reveals that Pierre Montetoille is a misnomer and the party's actual name is Montetoille Pierre. All of the pleadings in the cause, with the exception of the final judgment, list appellant's name as Pierre Montetoille. The final judgment lists appellant's name as Montet-

oille Pierre a/k/a Pierre Montetoille. No party has raised an issue, either in the trial court or on appeal, about the misnomer. Accordingly, we will continue to refer to appellant as Pierre Montetoille in the same manner the parties do in their briefs.

and clerk's records. *See BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 795 (Tex.2002). If there is more than a scintilla of evidence to support the findings, the legal sufficiency challenge fails. *Id.* We may set aside a finding for factual insufficiency only if the evidence is so weak or the finding so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *See Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex.1986) (op. on reh'g).

■ Appellants argue that there is legally and factually insufficient evidence to show that Montetoille was an employee or agent of Cowboy Cab. Historically, Texas courts have been wary of such attempts by cab companies to distance themselves from their drivers for liability reasons. *See e.g., H.T. Cab Co. v. Ginns,* 280 S.W.2d 360, 364 (Tex.Civ.App.-Galveston 1955, writ ref'd n.r.e.). Absent evidence proving independent contractor status, "[t]hird parties who happen to own a cab and use it in the name of the company at the call of the company and under the colors of the company will be treated as the company." *See Rodriquez v. Zavala,* 279 S.W.2d 604, 606 (Tex.App.-San Antonio 1955, no writ).

The evidence shows that Montetoille's vehicle had the name of Cowboy Cab Company and the company's phone number printed on its side. Montetoille was not permitted to put any other advertisements on the side of his car without Cowboy Cab's permission. Furthermore, Montetoille testified that he could only operate his vehicle as a taxicab under the authority of Cowboy Cab and he was not allowed to drive for any other company. Cowboy Cab instructed Montetoille on safety and driving issues and dispatched him to pick up passengers. At the time of the acci-

dent, Montetoille was on his way to a hotel and had his radio on to receive any dispatch calls that might occur. Immediately following the accident, Montetoille called the Cowboy Cab supervisor to tell him what happened. Although Montetoille owned the vehicle he was driving and had flexibility in both his work schedule and the fares he chose to take, Montetoille testified he worked *for* Cowboy Cab.

Appellants attempt to argue that Montetoille's relationship to Cowboy Cab was that of an independent contractor. Under the Dallas City Code, however, a driver can work as an independent contractor for a taxicab company only if he signs a contract with specified provisions relating to indemnity, insurance, and regulatory compliance.[2] Appellants presented no evidence that such a contract existed between Montetoille and Cowboy Cab. We conclude the evidence is both legally and factually sufficient to support a finding that Montetoille was either the employee or agent of Cowboy Cab. *See Boyett v. Galey,* 254 S.W.2d 807, 810 (Tex.Civ.App.-Beaumont 1952, no writ); *Rodriquez v. Zavala,* 279 S.W.2d at 606; *Ginns,* 280 S.W.2d at 364. We resolve appellants' third issue against them.

■ In their first issue, appellants contend the trial court erred in rendering judgment against them jointly and severally without determining each defendant's percentage of liability. Determining the applicable percentage of liability does not apply, however, to a defendant whose liability is vicarious. *See Bedford v. Moore,* 166 S.W.3d 454, 461 (Tex.App.-Fort Worth 2005, no pet.); *Rosell v. Cent. West Motor Stages,* 89 S.W.3d 643, 656 (Tex.App.-Dallas 2002, pet. denied). In this case, Cow-

---

**2.** None of the parties disputes that the provisions of chapter 45 of the Dallas City Code regulating taxicab services in Dallas are appli-

cable in this case. Indeed, Swearingen asked the trial court to take judicial notice of the chapter.

boy Cab's liability is purely derivative and its level of negligence is considered to be commensurate with that of Montetoille. Accordingly, the trial court did not err in failing to determine each defendants' percentage of liability. *See Bedford,* 166 S.W.3d at 461. We resolve appellants' first issue against them.

Similarly, in their second issue, appellants argue the evidence is legally and factually insufficient to support a finding of negligence against Cowboy Cab independently. Appellants argue that Swearingen failed to produce any evidence that Cowboy Cab committed a negligent act. Again, their argument is misplaced. Because Cowboy Cab's liability is vicarious in nature, it was not necessary for Swearingen to prove that the company acted negligently. *See id.* at 460. Cowboy Cab is responsible in this case for Montetoille's actions regardless of whether there was any fault on its part. *Id.* We resolve appellants' second issue against them.

■ Appellants' fourth and fifth issues challenge the trial court's assessment of damages. In their fourth issue, appellants contend the trial court erred in awarding Swearingen the full amount of past medical expenses she presented without reducing her recovery to reflect the amount she "actually paid or incurred" as required by section 41.0105 of the Texas Civil Practice and Remedies Code.[3] Appellants argue that the trial court erroneously included amounts Swearingen's health care providers had "written off" and, therefore, the damage award exceeded the amount allowed under section 41.0105.

Texas courts have held that medical expenses written off by the providers may not constitute amounts "actually paid or

incurred" as required by section 41.0105. *See Matbon, Inc. v. Gries,* 288 S.W.3d 471, 481 (Tex.App.-Eastland 2009, no pet.); *Mills v. Fletcher,* 229 S.W.3d 765, 769 (Tex.App.-San Antonio 2007, no pet.). In this case, appellants requested the trial court to deduct all written off expenses from the damages claimed by Swearingen. Appellants presented no evidence, however, to support the amount they claimed should be deducted. The only evidence in the record showing Swearingen's past medical expenses is the computer-generated billing records of her medical providers along with the affidavits of record keepers. As has been noted by other courts, the billing records of medical providers utilize unique systems of accounting codes that are not necessarily self-explanatory. *See Matbon,* 288 S.W.3d at 482. Although the bills submitted by Swearingen appear to have been "adjusted" in some manner, it is unclear exactly what amounts were paid by Swearingen or someone on her behalf and what amounts were written off. There is no testimony explaining the meaning of the figures appearing on the billing records. Moreover, the amounts appellants requested the trial court to deduct and the amounts they conceded Swearingen would be entitled to recover under section 41.0105 do not equal the total amount claimed and awarded.

As stated above, our law implies the trial court found all facts necessary to support its judgment. *See Worford,* 801 S.W.2d at 109. Here, the evidence supports a finding that the billing statements alone were insufficient to show what medical expenses, if any, were written off by Swearingen's providers. We conclude, therefore, the trial court did not err in awarding

---

3. Section 41.0105 states that "[i]n addition to any other limitation under law, recovery of medical or health care expenses incurred is limited to the amount actually paid or in-
curred by or on behalf of the claimant." Tex. Civ. Prac. & Rem.Code Ann. § 41.0105 (West 2008).

Swearingen the full amount claimed. We resolve appellants' fourth issue against them.

In their fifth and final issue, appellants contend the evidence is legally and factually insufficient to support the trial court's award of $20,000 for past physical impairment. Appellants do not challenge the amount of the award. Instead, they contend Swearingen made no showing that she suffered any permanent physical impairment as a result of the accident. Physical impairment is a distinct injury from pain and suffering and includes limitations on physical activities. *See Estrada v. Dillon,* 44 S.W.3d 558, 561 (Tex.2001). Evidence of physical impairment may include proof of the need for physical therapy and the inability to participate in physical activities engaged in before the accident. *Id.* at 561–62. Here, Swearingen testified that she spent approximately three months in physical therapy as a result of the collision. Swearingen further testified that she no longer had full range of motion in her neck due to pain, which limited her ability to drive and prevented her from picking up her grandchildren. According to Swearingen, her physical condition had plateaued and she did not foresee it improving in the future. We conclude this evidence is legally and factually sufficient to support the trial court's award for past physical impairment. *See Golden Eagle Archery, Inc. v. Jackson,* 116 S.W.3d 757, 771–772 (Tex. 2003). We resolve appellants' fifth issue against them.

We affirm the trial court's judgment.