

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00616-CV

**THE CITY OF LAREDO**,
Appellant

v.

Martina **LIMON**,
Appellee

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2010-CVT-000673 D4
Honorable Oscar J. Hale, Jr., Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  November 6, 2013

AFFIRMED

The City of Laredo appeals a judgment awarding Martina Limon damages for injuries she sustained in an automobile accident involving a Laredo Police Department patrol car.  The City contends the trial court erroneously permitted Limon's treating physician, Dr. Sanjay Misra, to offer expert testimony on causation.  Dr. Misra was identified by Limon in pretrial disclosure responses as a non-retained expert expected to testify regarding Limon's "medical condition following the accident, subject matter of this lawsuit."  The City contends this response failed to disclose that Dr. Misra would testify about the cause of Limon's injuries and damages, and that

the admission of his testimony was error.  The City also challenges the sufficiency of the evidence to support the jury's damage awards and the trial court's striking of the City's counter-affidavit regarding Limon's medical bills.  We disagree with the City's contentions and affirm the judgment of the trial court.

## BACKGROUND

Limon was a passenger in a van transporting her from an adult day care to her home.  Limon was seated directly behind the driver.  The van was struck on the driver's side by a police car driven by a police officer employed by the City.  On appeal, the City does not contest its employee's fault in causing the accident; however, the City does contest whether the injuries alleged by Limon were caused by the accident.  The jury found Limon's injuries were caused by the accident and awarded her $370,000 in damages.  The trial court subsequently capped the damage award at $250,000.

## EXPERT TESTIMONY BY DR. SANJAY MISRA

In its first issue, the City asserts the trial court erred in allowing Dr. Misra to testify on causation, claiming he was not properly disclosed under Rule 194.2(f).  In the alternative, the City contends Dr. Misra's opinions were conclusory.  Limon responds that Dr. Misra was properly disclosed or, alternatively, expert testimony regarding causation was not necessary under the facts of the case.

### A.        Disclosure under TEX. R. CIV. P. 194.2(f)

Rule 194.2(f) of the Texas Rules of Civil Procedure imposes a disclosure obligation on the party who seeks to introduce testimony from expert witnesses.  TEX. R. CIV. P. 194.2(f); *In re Commitment of Marks*, 230 S.W.3d 241, 244 (Tex. App.—Beaumont 2007, no pet.).  In pertinent part, Rule 194.2(f)(2) states:

> A party may request disclosure of any or all of the following:
> (f) for any testifying expert:
> (2) the subject matter on which the expert will testify;
> (3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

TEX. R. CIV. P. 194.2(f)(2),(3). If a party fails to make, amend, or supplement a discovery response in a timely manner, the party may not introduce the undesignated or undisclosed information into evidence, unless the trial court finds: (1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or (2) the failure would not unfairly surprise or unfairly prejudice the other parties. TEX. R. CIV. P. 193.6; *Villegas v. Tex. Dept. of Transp.*, 120 S.W.3d 26, 34-35 (Tex. App.—San Antonio 2003, pet. denied).

We review a trial court's decision relating to discovery sanctions under an abuse of discretion standard. *Id.* at 35. A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Id.* The trial court also has discretion in finding that a party has met its burden of proving good faith or absence of unfair surprise or prejudice; however, the record must support the trial court's finding. TEX. R. CIV. P. 193.6(b); *O'Dell v. Wright*, 320 S.W.3d 505, 511 (Tex. App.—Fort Worth 2010, pet. denied).

### B. Limon's Pretrial Disclosure

The specific issue raised is whether, under the facts of this case, Limon's response to the City's pretrial request for disclosure complied with Rule 194.2(f) by providing adequate notice of: (1) the subject matter on which Dr. Misra would testify; and (2) the general substance of his impressions and opinions. As previously noted, Limon's disclosure identified Dr. Misra as a non-retained, treating medical expert who was "anticipated to testify regarding Plaintiff's medical condition following the accident, subject matter of this lawsuit." The City contends this language gave no notice that Dr. Misra would testify regarding medical causation. The City's argument

rests upon a rather strained interpretation of the language used. As argued in its brief and at oral argument, the City contends the words "condition following the accident" mean an event that occurred after the accident, not as a result of the accident. The City indicates that the language used in the disclosure implies that some other unknown event took place after the accident that affected Limon's medical condition. We do not believe that such an interpretation is logical or reasonable under the circumstances. The trial court could have reasonably concluded that the language used in the disclosure ("medical condition following the accident, subject matter of this lawsuit") referred to Limon's medical condition after the accident or because of the accident. We cannot say the court abused its discretion or ignored the guiding principles established in Rule 194.2(f)(2) by impliedly ruling that the disclosure response was adequate.

The disclosure further noted that discoverable information related to Dr. Misra had been disclosed previously. There is no dispute that Dr. Misra's records were provided to the City prior to trial. There is also no dispute that Dr. Misra's records contain the following relevant information:

- the date of the accident is the listed date of injury
- the accident is described as involving a vehicle in which Limon was a passenger being struck by a police vehicle
- the injuries noted are back pain and severe left shoulder pain
- the areas of pain were not problematic prior to the accident
- the onset of pain was sudden
- the pain has occurred ever since the accident

Finally, there is no dispute that Dr. Misra admitted his records do not use the term "causation" and that his records do not contain the magic words that "in all reasonable medical probability Limon's injuries were proximately caused by the accident in question." Texas law generally, and Rule 194.2(f) specifically, do not require slavish adherence to the use of such terminology. *See Bowie Memorial Hosp. v. Wright*, 79 S.W.3d 48, 53 (Tex. 2002) (noting expert opinion does not depend

on expert's use of "any particular 'magical words'"); *Regent Care Ctr. of San Antonio I, Ltd. P'ship v. Hargrave*, 300 S.W.3d 343, 346 (Tex. App.—San Antonio 2009, pet. denied) (same). While the City recognizes this general principle, it nonetheless seeks to impose a limited reading of Dr. Misra's records.

The City contends that under *Guevara v. Ferrer*, 247 S.W.3d 662 (Tex. 2007), the temporal connection between the accident and the injuries is no evidence of causation. While temporal proximity does not by itself support an inference of medical causation, *id.* at 667-68, Dr. Misra's records connect the accident's timing with the onset of pain and symptoms. Nearly every page of Dr. Misra's records notes the accident, the lack of symptoms prior to the accident, the progression of the symptoms subsequent to the accident, and the degree of relief achieved with various treatments. The records, viewed in their entirety, provide enough information for a reasonable person to conclude that Dr. Misra would testify that Limon's medical condition resulted from the automobile accident. Taken as a whole, the records provided the City with "'sufficient information about the expert's opinions to prepare to cross-examine the expert and to prepare expert rebuttal evidence.'" *Bexar County Appraisal Dist. v. Abdo*, 399 S.W.3d 248, 256 (Tex. App.—San Antonio 2012, no pet.) (quoting *Miller v. Kennedy & Minshew, P.C.*, 142 S.W.3d 325, 348 (Tex. App.—Fort Worth 2003, pet. denied)). Based not only on the language used in the disclosure, but also on the records referred to in the disclosure and provided to the City pretrial, we cannot say that the trial judge abused his discretion in ruling that the disclosure response complied with the dictates of Rule 194.2(f)(2).

C. *Lack of Surprise and Prejudice*

At the pretrial motion in limine hearing, Limon's attorneys also referred to the absence of surprise and prejudice. As previously noted, even if the specific language in Limon's response failed to properly disclose Dr. Misra in compliance with Rule 194.2(f), he would still be permitted

to testify if Limon's failure to properly disclose him would not unfairly surprise or unfairly prejudice the other parties. TEX. R. CIV. P. 193.6; *Villegas*, 120 S.W.3d at 34-35. In overruling the City's objection at trial, the trial court did not state the basis for its ruling and could implicitly have determined that the City was not unfairly surprised or prejudiced. *See Brunelle v. TXVT Ltd. P'ship*, 198 S.W.3d 476, 479 (Tex. App.—Dallas 2006, no pet.) (noting trial court's ruling admitting evidence contained implicit determination that appellant was not unfairly surprised or prejudiced); *Capital Metro. Transp. Author./Cent. of Tenn. Ry. & Navigation Co. v. Cent. of Tenn. Ry. & Navigation Co.*, 114 S.W.3d 573, 583 (Tex. App.—Austin 2003, pet. denied) (finding of unfair surprise implicit in court's ruling). In light of our determination that Dr. Misra's medical records adequately reveal his opinion that Limon's condition was caused by the accident, the record supports the trial court's implied ruling that the City had suffered no surprise or prejudice.[1]

### D.    Conclusory

The City contends, in the alternative, that Dr. Misra's testimony regarding causation was conclusory. Since Dr. Misra's testimony was the only expert testimony Limon offered with regard to causation, the City contends the evidence is insufficient to support the jury's verdict.

"Bare, baseless opinions will not support a judgment even if there is no objection to their admission in evidence." *City of San Antonio v. Pollock*, 284 S.W.3d 809, 816 (Tex. 2009). An opinion is conclusory if "no basis for the opinion is offered, or the basis offered provides no support." *Id*. at 818. Stated differently, "[a]n expert opinion is conclusory when it offers an opinion with no factual substantiation." *Sparks v. Booth*, 232 S.W.3d 853, 863 (Tex. App.—Dallas 2007, no pet.).

---

[1] Because we hold that expert testimony was properly presented by Dr. Misra, we need not address Limon's contention that the jury did not need the assistance of expert testimony to determine her injuries and damages were caused by the accident.

In this case, Dr. Misra provided a factual basis to support his opinion based on his examination of Limon and his review of her medical records. Dr. Misra explained that the nature of the rotator cuff tear indicated it was caused by severe trauma. Dr. Misra also explained the reasons he attributed the slap tear to the accident. Finally, Dr. Misra explained the fact that Limon began suffering the severe pain in her back after the accident indicated that the accident caused the pre-existing bulges in her back to be pushed further into her nerves causing the pain. Because Dr. Misra provided a factual basis for his opinions, his testimony was not conclusory.

The City's first and second issues are overruled.

### DAMAGES

In its third, fourth, and fifth issues, the City contends the evidence is legally insufficient to support various damage awards or that the damage awards constitute a double recovery. In reviewing the sufficiency of the evidence, "[w]e review the evidence presented at trial in the light most favorable to the jury's verdict, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Guevara*, 247 S.W.3d at 665.

#### A. Future Medical Expenses

The City contends that the jury awarded Limon $85,000 for future medical expenses based on an assumption that Limon would need future surgery. The City asserts the evidence is speculative with regard to whether such surgery will be necessary. Limon counters that the evidence supports an award of future medical expenses either for a future surgery or for on-going pain medication.

"In Texas, the 'reasonable probability' rule is followed for damages for future medical expenses." *Saeco Elec. & Util., Ltd. v. Gonzales*, 392 S.W.3d 803, 808 (Tex. App.—San Antonio 2012, pet. granted, judm't vacated by agr.) (citing *Antonov v. Walters*, 168 S.W.3d 901, 908 (Tex.

App.—Fort Worth 2005, pet. denied)). "To recover future medical expenses, a plaintiff must show there is a 'reasonable probability' that such expenses will be incurred in the future." *Id.* "While the preferred practice is to establish future medical expenses through expert medical testimony, the rule does not require this." *Id.* "Instead, a jury can make an award for future medical expenses based on the nature of the plaintiff's injuries, medical care rendered to a plaintiff before trial, and the condition of the plaintiff at the time of trial." *Id.* "Furthermore, a jury's award of future medical expenses lies mostly within the jury's discretion." *Id.* "'Because issues such as life expectancy, medical advances, and the future costs of products and services are, by their very nature, uncertain, appellate courts are particularly reluctant to disturb a jury's award of these damages.'" *Id.* (quoting *Antonov*, 268 S.W.3d at 908).

In this case, evidence was admitted at trial regarding the nature of Limon's injuries, the medical care rendered to her before trial, and her condition at the time of trial. In addition, Dr. Misra testified that he recommended that Limon live with the pain in her back as long as she could tolerate the pain by taking medication and possibly receiving Cortizone shots. Dr. Misra listed the medications he would recommend, which he stated could cost about $250-$300 a month. Dr. Misra further stated Limon would be required to take the medication the rest of her life. If Limon could not live with the pain and surgery was undertaken, Dr. Misra stated the surgery would cost $85,000-$100,000. We hold that the foregoing evidence is legally sufficient to support the jury's award of future medical expenses.

The City's third issue is overruled.

### B.     *Past/Future Physical Impairment*

In its fourth issue, the City asserts that evidence failed to establish a causal relationship between the automobile accident and Limon's back injury. Because we have held the trial court properly admitted Dr. Misra's testimony regarding causation, this contention is overruled.

Moreover, Limon testified she cannot stand for more than one-half hour or sit for more than two or three hours, and she can no longer dance or garden as she did before the accident. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 772 (Tex. 2003) (noting loss of enjoyment of life may be compensated as physical impairment); *Pierre v. Swearingen*, 331 S.W.3d 150, 156 (Tex. App.—Dallas 2011, no pet.) (noting physical impairment includes limitations on physical activities and the inability to participate in physical activities engaged in before an accident). Accordingly, the evidence is sufficient to support the jury's damage award for past and future physical impairment.

The City's fourth issue is overruled.

### C. *Future Mental Anguish Double Recovery*

In its fifth issue, the City contends the jury awarded Limon a double recovery for future mental anguish because the jury awarded $45,000 for "physical pain and mental anguish that, in reasonable probability, Martina Limon will sustain in the future" and also separately awarded $45,000 for "mental anguish that, in reasonable probability, Martina Limon will sustain in the future."

Although the City contends it preserved this error as a no evidence challenge, the error in this case is charge error, and the City did not object to the charge. *See Harris County v. Smith*, 96 S.W.3d 230, 233-34 (Tex. 2002) (noting timely and specific objection necessary when charge mixes valid and invalid elements of damages). Therefore, the City failed to preserve this complaint for review.

Even assuming the complaint was preserved, the jury was instructed, "Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any." This instruction immediately preceded the list of the eight types of damage the jury was asked to

consider, which included the two types of damage listed above which both reference future mental anguish. We presume the jury followed the instruction and compensated Limon only once for future mental anguish. *Barnes v. Mathis*, 353 S.W.3d 760, 765 (Tex. 2011). Moreover, the trial court reduced the damage award by more than $45,000 in imposing the statutory cap. Therefore, even if the jury awarded a double recovery, the double recovery was eliminated when the statutory cap was imposed.

The City's fifth issue is overruled.

### SECTION 18.001 COUNTER-AFFIDAVIT

In its final issue, the City contends the trial court erred in striking a counter-affidavit by D. Rod Lee, MD, PA, an orthopedic surgeon. The City offered the counter-affidavit under section 18.001 of the Texas Civil Practice and Remedies Code.

A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. *Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527-28 (Tex. 2000); *Mass Marketing Ltd. v. Durbin*, No. 04-09-00697-CV, 2010 WL 4109260, at *5 (Tex. App.—San Antonio Oct. 20, 2010, pet. denied) (mem. op.). A trial court abuses its discretion if it acts without reference to any guiding rule or principle. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

Section 18.001(b) states:

> Unless a controverting affidavit is filed as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(b) (West 2008). Any controverting affidavit must give reasonable notice of the basis on which the party intends to controvert the claim at trial. *Id.* at § 18.001(e),(f). "The counteraffidavit must be made by a person who is qualified by knowledge,

skill, experience, training, education, or other expertise to testify in contravention of all or part of any of the matters contained in the initial affidavit." *Id*. at § 18.001(f).

An uncontroverted affidavit under section 18.001(b) provides legally sufficient evidence to support a jury's finding that the amount charged for a service was reasonable and necessary. *Hong v. Bennett*, 209 S.W.3d 795, 800 (Tex. App.—Fort Worth 2006, no pet.). By filing a controverting affidavit, the nonoffering party can prevent the offering party's affidavits of reasonableness and necessity from being used as evidence. *Id*. at 801.

In this case, Dr. Lee sought to challenge the section 18.001(b) affidavits filed by Limon relating to charges for various services, including emergency room services, chiropractic services, radiology services, a hospital's surgical services, anesthesiology services, pathology services, and services by orthopedic surgeons. As noted above, Dr. Lee was required to demonstrate that he was qualified to testify regarding all of these matters. Dr. Lee lists his qualifications as a licensed physician and board certified orthopedic surgeon.

"General experience in a specialized field does not qualify a witness as an expert." *Hong*, 209 S.W.3d at 803. "'What is required is that the offering party establish that the expert has knowledge, skill, experience, training, or education regarding the specific issue before the court which would qualify the expert to give an opinion on that particular subject.'" *Id*. (quoting *Broders v. Heise*, 924 S.W.2d 148, 153-54 (Tex. 1996)). "If 'a party can show that a subject is substantially developed in more than one field, testimony can come from a qualified expert in any of those fields.'" *Id*.

Nothing in Dr. Lee's affidavit demonstrates that he is qualified to controvert the reasonableness and necessity of any bill other than the orthopedic surgeon's bill. Although an orthopedic surgeon may work with a radiologist, Dr. Lee does not recite any facts that demonstrate that he has knowledge of the billing practices used by radiologists or that he reviews the amounts

radiologists charge for their services. Instead, Dr. Lee simply states in a conclusory fashion that he is "familiar with reasonable and customary charges for a medical doctor's, orthopedic surgeon's, radiologist's, pharmacist's, physical therapist's, emergency room's and hospital services in south Texas counties." This conclusory statement is insufficient to show that Dr. Lee is qualified to controvert the reasonableness of the other professionals' bills.

Because Dr. Lee failed to demonstrate that he was qualified to controvert any bills other than the bills of an orthopedic surgeon, the question becomes whether the trial court was required to parse through the affidavit and strike only those portions pertaining to non-orthopedic surgeon services. The City did not request such a ruling and did not offer to redact the counter-affidavit accordingly.

Even assuming that the trial court should not have stricken those portions of the counter-affidavit pertaining to orthopedic surgeon services, Dr. Lee's affidavit does not challenge the specific amounts charged by Dr. Misra. Instead, he globally contends that conservative care should have been pursued for a longer time before surgery was undertaken, and he challenges whether the injuries were caused by the accident. On these issues, Limon did not rely on her section 18.001 affidavits but on Dr. Misra's testimony. Dr. Lee's counter-affidavit would only have precluded Limon from relying on affidavit testimony to prove Dr. Misra's charges were reasonable and necessary. *Hong*, 209 S.W.3d at 801. Because Limon did not rely on affidavit testimony to establish that Dr. Misra's charges were reasonable and necessary, the City cannot establish it was harmed by the striking of Dr. Lee's affidavit.[2]

---

[2] In a single paragraph on one page of the City's brief under its issue regarding Dr. Lee's controverting affidavit, the City also asserts the evidence at trial supported an award of only $56,732.10 in past medical expenses, but the jury awarded $60,000. Because this assertion is unsupported by any record citations and makes the City's issue multifarious, we do not address this contention. *See Hamilton v. Williams*, 298 S.W.3d 334, 338 n.3 (Tex. App.— Fort Worth 2009, pet. denied) (noting appellate court may disregard any assignment of error that is multifarious).

## CONCLUSION

The trial court properly admitted the testimony of Dr. Misra, and that testimony, along with other evidence presented, is legally sufficient to support the jury's award of damages. Accordingly, we affirm the judgment of the trial court.

Catherine Stone, Chief Justice