Dennis HONG, Appellant,

v.

Larry BENNETT, Appellee.

No. 2–05–408–CV.

Court of Appeals of Texas,
Fort Worth.

Nov. 22, 2006.

Amis & Bell, Steven P. Amis, Arlington, for appellant.

C. Kyle Pugh, Dallas, for appellee.

Panel A: LIVINGSTON, HOLMAN, and WALKER, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

Appellant Dennis Hong appeals from the jury verdict and trial court judgment against him in this suit arising from an automobile accident. In one issue, Hong contends that the trial court erred by admitting appellee Larry Bennett's medical bill affidavits into evidence at trial when Hong had timely filed a controverting affidavit under section 18.001 of the civil practice and remedies code. TEX. CIV. PRAC. & REM.CODE ANN. § 18.001 (Vernon 1997). We reverse and remand.

## Procedural Background

Bennett sued Hong for personal injuries that he claimed occurred as the result of an automobile accident with Hong. Approximately four months before trial, Bennett filed with the court, and served on Hong, four affidavits for the authentication of medical bills in accordance with section 18.001 of the civil practice and remedies code. *Id.* The bills were from a chiropractic clinic and a medical doctor, radiologist, and pharmacist to whom Bennett had been referred by the chiropractic clinic. In the affidavits accompanying the bills, the affiants averred that the services provided were reasonable and necessary.

One month after Bennett filed his affidavits, Hong filed a controverting affidavit by Paul Strube, a chiropractor, in which Strube averred that none of the services provided by, or referred by, the chiropractic clinic were reasonable and necessary. Attached to the affidavit was a report explaining Strube's reasons for concluding that the services were not reasonable and necessary. According to Strube, "[t]he prognosis for an injury such as [Bennett's] is excellent from the outset, with or without treatment, due to the body's natural healing capabilities."

The trial court held an extensive pretrial hearing on the admissibility of the affidavits. At the hearing, Hong contended that none of Bennett's affidavits were admissible because he had filed a controverting affidavit. Bennett contended that Hong's affidavit was insufficient to controvert his own affidavits because Hong had not designated Strube as an expert and because as a chiropractor, Strube was not qualified to testify as to the reasonableness and necessity of the services provided by the medical doctor, radiologist, or pharmacist.

The trial court initially ruled that Strube's affidavit could not controvert Bennett's affidavits from the medical doctor, radiologist, and pharmacist because, as a chiropractor, Strube was not qualified to testify as to the reasonableness and necessity of services provided by professionals other than another chiropractor. But the trial judge changed his mind and determined that Strube's affidavit could controvert all of Bennett's medical bill affidavits, after Hong explained that Strube had

averred that the other professionals' services were not necessary because Bennett's chiropractor should never have referred Bennett to them in the first place given the nature of Bennett's injuries and the likelihood that they would heal on their own without any treatment. Instead of ruling that Hong's controverting affidavit rendered Bennett's affidavits inadmissible, however, the trial court ruled that both Bennett's and Hong's affidavits should be admitted into evidence. It further ruled that parts of the report attached to Strube's affidavit should be redacted because they "went too far" in setting forth the basis on which Hong would controvert Bennett's affidavit at trial.[1] Thus, the trial court pre-admitted all of Bennett's affidavits attesting to the reasonableness and necessity of the medical bills of the chiropractor, medical doctor, radiologist, and pharmacist, but it also pre-admitted Strube's controverting affidavit with parts of the attached report redacted.

## Issue on Appeal

In one issue, Hong contends that the trial court erred by ruling that Bennett's affidavits were admissible at trial. According to Hong, once a controverting affidavit is filed under section 18.001, a plaintiff's affidavits on the issue of the reasonableness and necessity of medical expenses are inadmissible for that purpose, and the plaintiff must offer expert testimony as to the reasonableness and necessity of his or her medical expenses.

## Standard of Review

■ A trial court's rulings in admitting or excluding evidence are reviewable under an abuse of discretion standard. *Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex.2000). An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis in the record for the ruling. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex.1998). A trial court's erroneous legal conclusion, even in an unsettled area of law, is an abuse of discretion. *Perry v. Del Rio*, 66 S.W.3d 239, 257 (Tex. 2001); *Huie v. DeShazo*, 922 S.W.2d 920, 927–28 (Tex.1996) (orig.proceeding).

## Partial Reporter's Record

■ In accordance with rule 34.6(c)(1), Hong designated only a partial reporter's record consisting of the pretrial hearing on the admissibility of the affidavits with those affidavits attached as exhibits; he also filed a statement of points that included his point on appeal. Tex.R.App. P. 34.6(c)(1). Bennett did not designate any additional materials to be included in the record. *See* Tex.R.App. P. 34.6(c)(2). Thus, we have no record of what was actually admitted at trial, only the trial judge's pretrial ruling that Bennett's affidavits, with attached bills, and Hong's controverting affidavit, with Strube's redacted report attached, would all be admitted at trial. Likewise, we have no record of who might have testified at trial in support of the affidavits, if anyone. But we must presume that the partial record is the entire record for purposes of reviewing Hong's complaint on appeal. *See* Tex. R.App. P. 34.6(c)(4). Accordingly, in reviewing Hong's issue, we will presume that the exhibits pre-admitted at the pretrial hearing were actually admitted at trial and that there was no expert testimony at trial as to the reasonableness and necessity of Bennett's medical expenses that would

---

1. The report also contained some confidential health-related information that was potentially prejudicial. Hong does not complain on appeal about the trial court's redaction of the report.

otherwise support the four pre-admitted affidavits.

### Applicable Law

■ Section 18.001 provides, in pertinent part, as follows:

(b) *Unless a controverting affidavit is filed* ..., an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

. . . .

(e) A party intending to controvert a claim reflected by the affidavit must file a counteraffidavit with the clerk of the court and serve a copy of the counteraffidavit on each other party or the party's attorney of record:

(1) not later than:

(A) 30 days after the day he receives a copy of the affidavit; and

(B) at least 14 days before the day on which evidence is first presented at the trial of the case; or

(2) with leave of the court, at any time before the commencement of evidence at trial.

(f) The counteraffidavit must give reasonable notice of the basis on which the party filing it intends at trial to controvert the claim reflected by the initial affidavit and must be taken before a

person authorized to administer oaths. The counteraffidavit must be made by a person who is qualified, by knowledge, skill, experience, training, education, or other expertise, to testify in contravention of all or part of any of the matters contained in the initial affidavit.

TEX. CIV. PRAC. & REM.CODE ANN. § 18.001(b), (e)-(f) (emphasis added). Section 18.001 is an evidentiary statute that accomplishes three things: (1) it allows for the admissibility, by affidavit, of evidence of the reasonableness and necessity of charges that would otherwise be inadmissible hearsay; (2) it permits the use of otherwise inadmissible hearsay to support findings of fact by the trier of fact; and (3) it provides for exclusion of evidence to the contrary, upon proper objection, in the absence of a properly-filed controverting affidavit. *Id.* § 18.001; *Castillo v. Am. Garment Finishers Corp.*, 965 S.W.2d 646, 654 (Tex.App.-El Paso 1998, no pet.); *Beauchamp v. Hambrick*, 901 S.W.2d 747, 749 (Tex.App.-Eastland 1995, no writ).[2]

■ An uncontroverted section 18.001(b) affidavit provides legally sufficient—but not conclusive—evidence to support a jury's finding that the amount charged for a service was reasonable and necessary. *Ferrer v. Guevara*, 192 S.W.3d 39, 47 (Tex.App.-El Paso 2005, pet. granted); *Owens v. Perez ex rel. San Juana Morin*, 158 S.W.3d 96, 110 (Tex.App.-Corpus Christi 2005, no pet.); *Horton v. Denny's Inc.*, 128 S.W.3d 256, 259 (Tex.App.-Tyler 2003, pet. denied); *Beauchamp*, 901

---

**2.** *See also Rodriguez–Narrera v. Ridinger*, 19 S.W.3d 531, 532 (Tex.App.-Fort Worth 2000, no pet.) (holding that affidavits for purpose of providing reasonableness and necessity of medical expenses are not admissible unless plaintiff complies with section 18.001); *Nye v. Buntin*, No. 03–05–00214–CV, 2006 WL 2309051, at *4 n. 1 (Tex.App.-Austin Aug.11, 2006, no pet. h.) (noting that, absent compliance with section 18.001, affidavits attesting to reasonableness and necessity of medical bills are hearsay and inadmissible unless they qualify for admission under an exception to the hearsay rule); *Bituminous Cas. Corp. v. Cleveland*, No. 07–05–00235–CV, 2006 WL 1418624, at *6 (Tex.App.-Amarillo May 24, 2006, no pet.) (holding that affidavit swearing to reasonableness and necessity of medical expenses is admissible once condition precedent of timely filing is met).

S.W.2d at 749. Without a section 18.001(b) affidavit averring that medical expenses are reasonable and necessary, a plaintiff must prove the reasonableness and necessity of such expenses by expert testimony. *Rodriguez–Narrera,* 19 S.W.3d at 532–33; *Castillo,* 965 S.W.2d at 654; *see Turner v. Peril,* 50 S.W.3d 742, 746–47 (Tex.App.-Dallas 2001, pet. denied). Thus, section 18.001(b) provides a limited exception to the general rule that expert testimony is required to prove reasonableness and necessity of medical expenses. *Castillo,* 965 S.W.2d at 654. It further provides an exception to general hearsay rules. *See* Tex.R. Evid. 801–06; *Beauchamp,* 901 S.W.2d at 749; *see also Nye,* 2006 WL 2309051, at *4 & n. 1 (holding that if section 18.001 is not complied with, affidavits are hearsay and must fall within an exception to the hearsay rules to be admissible).

 By filing a controverting affidavit, the nonoffering party can prevent the offering party's affidavits of reasonableness and necessity from being used as evidence. *See Allright, Inc. v. Strawder,* 679 S.W.2d 81, 83 (Tex.App.-Houston [14th Dist.] 1984, writ ref'd n.r.e.);³ *see also Hilland v. Arnold,* 856 S.W.2d 240, 241–42 (Tex.App.-Texarkana 1993, no pet.) (holding that filing of controverting affidavit complying with section 18.001 is prerequisite to con-

testing matters set forth in affidavit of reasonableness and necessity). This construction of section 18.001(b) is consistent with the plain language of section 18.001(f), which requires the party filing a controverting affidavit to give reasonable notice of the basis on which it intends to controvert "the *claim* reflected by the initial affidavit" at trial, as well as section 18.001(b)'s function as a limited exception to the general rule that an affidavit is inadmissible to prove reasonableness and necessity, which, without compliance with section 18.001, must be proved by expert testimony. Tex. Civ. Prac. & Rem.Code Ann. § 18.001(b), (f) (emphasis added); *see* Tex.R. Evid. 801–06; *Rodriguez–Narrera,* 19 S.W.3d at 532–33; *Castillo,* 965 S.W.2d at 654; *Beauchamp,* 901 S.W.2d at 749.

 Thus, the section 18.001(b) exception to the general rule that affidavits of reasonableness and necessity are inadmissible and insufficient proof absent expert testimony applies only if the offering party satisfies the requirements of section 18.001(b) *and* the opposing party fails to file a controverting affidavit. *Castillo,* 965 S.W.2d at 654. By filing a proper controverting affidavit, the opposing party can force the offering party to prove reasonableness and necessity by expert testimony at trial. *Id.*

---

**3.** *But see City of El Paso v. Pub. Util. Comm'n of Tex.,* 916 S.W.2d 515, 524 (Tex.App.-Austin 1995, writ dism'd by agr.) (holding that "[s]ection 18.001 does not address the admissibility of an affidavit concerning cost and necessity of services but only the sufficiency of the affidavit to support a finding of fact that a charge was reasonable or a service was necessary"); *Ozlat v. Priddy,* No. 11–96–00240–CV, 1997 WL 33798173, at *2–4 (Tex. App.-Eastland May 29, 1997, pet. denied) (not designated for publication) (holding that trial court did not abuse its discretion by admitting both section 18.001(b) affidavits and controverting affidavit as evidence at trial and that "[s]ection 18.001 provides a procedure allow-

ing parties to prove and controvert by affidavit the costs and necessity of services without calling a witness at trial").

We disagree with the holdings of these cases. First, the statement in *City of El Paso* conflicts with the Austin court's more recent construction of section 18.001 in *Nye,* as well as the holdings of other courts addressing this issue. *See, e.g., Castillo,* 965 S.W.2d at 654; *Strawder,* 679 S.W.2d at 83. And as an unpublished opinion, *Ozlat* has no precedential value. *See* Tex.R.App. P. 47.7. Moreover, it conflicts with that court's prior, published opinion in *Beauchamp. See* 901 S.W.2d at 749.

## Analysis

Here, it is undisputed that Bennett complied with section 18.001(b) by timely filing affidavits attesting to the reasonableness and necessity of the services provided by the chiropractor, medical doctor, radiologist, and pharmacist. What the parties dispute, however, is the effect of Hong's controverting affidavit since the trial court admitted both. According to Hong, once the trial court determined that his affidavit was sufficient to controvert Bennett's affidavits, it should have excluded all of the affidavits and required Bennett to proffer expert testimony as to the reasonableness and necessity of his medical expenses.

Bennett contends that the trial court did not abuse its discretion by admitting all of the affidavits because Hong's affidavit was insufficient under section 18.001(f) in that it failed to show that Strube was qualified to give an opinion as to the reasonableness and necessity of the medical doctor's, pharmacist's, and radiologist's services. *See* Tex. Civ. Prac. & Rem.Code Ann. § 18.001(f); *Turner*, 50 S.W.3d at 747–48. Bennett also contends that the affidavit "lacked sufficiency and focused on matters completely irrelevant to the damages Bennett sustained in the automobile accident."

Thus, we must determine whether Hong's controverting affidavit was sufficient under section 18.001(f) such that the trial court should have excluded Bennett's affidavits.

Strube's affidavit reads, in pertinent part, as follows:

> I am a doctor of chiropractic licensed to practice in the State of Texas. I state that I am qualified by knowledge, skill, experience, training, and education to make the statement contained in this affidavit.... I am familiar with reasonable and customary charges for *chiro-practic* services in Dallas, Tarrant, Collin, and surrounding counties....
>
> ... I have reviewed the chiropractic billing and record affidavits of Liberty Healthcare, as well as billing and record affidavits from referrals made by a chiropractor to Phil's Pharmacy, Radiologics, and Charles Wilis, MD, showing the records and charges incurred for the services provided to LARRY BENNETT, for treatment of alleged injuries allegedly sustained by him in an accident which occurred on April 1, 2004. I have also reviewed records from the Dallas Veterans Administration Hospital and the police accident report.
>
> ... I find that based on the above records, none of the services by or on referral from Liberty Healthcare, was reasonable or necessary as related to the subject accident. Further I refer to my report dated April 1, 2005, a true and correct copy of which is attached to this affidavit and incorporated herein by reference as Exhibit B. [Emphasis added.]

In the attached report, as redacted by the trial court, Strube stated that none of the services were reasonable and necessary because Bennett was not seriously injured, the prognosis for the injuries he did sustain "is excellent from the outset, with or without treatment, due to the body's natural healing capabilities," and Bennett waited five weeks after the accident to begin chiropractic treatment. We hold that this is sufficient to "give reasonable notice of the basis on which [Hong] intend[ed] at trial to controvert the claim reflected by" Bennett's initial affidavit as to the reasonableness and necessity of the chiropractor's services. *See* Tex. Civ. Prac. & Rem. Code Ann. § 18.001(f); *cf. Turner*, 50 S.W.3d at 747–48. Thus, we must next address Bennett's contention that Strube was not qualified to controvert the affida-

vits attesting to the reasonableness and necessity of the other medical professionals' services.

■ Section 18.001(c)(2)(B) permits the reasonableness and necessity of charges to be proved by a nonexpert custodian. TEX. CIV. PRAC. & REM.CODE ANN. § 18.001(c)(2)(B). In contrast, section 18.001(f) requires that a counteraffidavit be made by a person qualified to testify in contravention about matters contained in the initial affidavit. *Id.* § 18.001(f). Section 18.002 sets out a form for an affidavit regarding cost and necessity of services but provides no form for a counteraffidavit. *Id.* § 18.002. Thus, the statute places a greater burden of proof on counteraffidavits to discourage their misuse in a manner that frustrates the intended savings. *Turner,* 50 S.W.3d at 747.

The medical doctor's, radiologist's, and pharmacist's affidavits submitted by Bennett substantially follow the format set forth in section 18.002(b) by including a statement averring that "[t]he services provided were necessary and the amount charged for each service was reasonable at the time and place that the service was provided." TEX. CIV. PRAC. & REM.CODE ANN. § 18.002(b). Each affidavit was signed by the person in charge of billing records for the professional who provided the services to Bennett. *See id.* § 18.001(c)(2)(B).

■ General experience in a specialized field does not qualify a witness as an expert. *Gen. Motors Corp. v. Burry,* 203 S.W.3d 514, 526 (Tex.App.-Fort Worth, 2006, no pet. h.); *Pack v. Crossroads, Inc.,* 53 S.W.3d 492, 506 (Tex.App.-Fort Worth 2001, pet. denied). "What is required is that the offering party establish that the expert has 'knowledge, skill, experience, training, or education' regarding the specific issue before the court which would qualify the expert to give an opinion on

that particular subject." *Broders v. Heise,* 924 S.W.2d 148, 153–54 (Tex.1996). If "a party can show that a subject is substantially developed in more than one field, testimony can come from a qualified expert in any of those fields." *Id.* at 154.

In his controverting affidavit, Strube averred that he was familiar with the reasonable and customary charges for chiropractic services only; thus, he did not show that he was qualified to controvert the reasonableness of the medical doctor's, radiologist's, or pharmacist's bills. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 18.001(f); *Turner,* 50 S.W.3d at 747.

With respect to the necessity of the services provided by the professionals other than the chiropractor, Strube explained in his report that Bennett's chest contusion and low back paraspinal strain had an excellent prognosis for healing on their own, with or without treatment. He also focused on the five-week gap between the accident and Bennett's seeking chiropractic treatment.

■ As a chiropractor, Strube was qualified to testify about the nature of Bennett's injuries and whether referral to other professionals for additional treatment of those injuries was reasonable. *See Hayhoe v. Henegar,* 172 S.W.3d 642, 644 (Tex.App.-Eastland 2005, no pet.). Thus, Strube showed that he was qualified to controvert the affidavit of Bennett's chiropractor. But Strube's affidavit does not address the chiropractor's stated reason for referring Bennett to the doctor: after approximately a week of chiropractic treatment, Bennett reported that he was still experiencing back pain. Thus, the referral appears to comport with Strube's assertion that the injury should have healed on its own; in other words, the chiropractor referred Bennett to a medical doctor because the injury, which should have healed on its

own, was still causing Bennett pain, thus necessitating a visit to a doctor to determine if the injury was worse than originally suspected or if a previously undiagnosed injury had occurred. *See Turner*, 50 S.W.3d at 748 ("Even an insignificant injury may merit an examination and some medical treatment."). The chiropractor's records also indicate that Bennett reported pain in other parts of his body. And the pharmacist's bill shows that the medications were prescribed by the medical doctor, not the chiropractor.

▮ Although Strube's affidavit properly controverts the chiropractor's affidavit, and is relevant to causation (i.e., whether the need for the services was accident-related or otherwise),[4] it does not specifically address the claims made in the affidavits relating to the other professionals' services, such as why a medical doctor would not need to evaluate a patient whose injury should be improving, nor does it state how Strube is qualified to opine as to the circumstances under which a medical doctor should or should not prescribe medication to treat pain reported by a patient, even if that patient has suffered an injury that would ordinarily heal without any treatment. Thus, we conclude and hold that although Strube's affidavit and attached report are sufficient to controvert the affidavit as to the reasonableness and necessity of the chiropractor's services, they are not sufficient to controvert the affidavits concerning the reasonableness and necessity of the medical doctor's, radiologist's, and pharmacist's services. Therefore, the trial court did not abuse its discretion by admitting the affidavits as to the medical doctor's, radiologist's, and pharmacist's services.

However, because we have determined that Strube's controverting affidavit and attached report were sufficient under section 18.001(f) to controvert Bennett's affidavit as to his chiropractic expenses, we also hold that the trial court abused its discretion by admitting both the affidavit as to chiropractic expenses and Strube's affidavit, in lieu of requiring Bennett to provide expert testimony as to those expenses at trial. *See* Tex. Civ. Prac. & Rem.Code Ann. § 18.001(b), (e)-(f); Tex.R. Evid. 801–06; *Beauchamp*, 901 S.W.2d at 749.

## Harm

▮ Having determined that the trial court abused its discretion by admitting both Bennett's and Hong's affidavits in lieu of requiring Bennett to offer expert testimony to prove the reasonableness and necessity of his chiropractic expenses, we must determine whether the error is reversible. *See* Tex.R.App. P. 44.1. To obtain reversal of a judgment based upon an error in the trial court, the appellant must show that (1) the error occurred and (2) it probably caused rendition of an improper judgment, or probably prevented the appellant from properly presenting the case to this court. Tex.R.App. P. 44.1(a); *Romero v. KPH Consolidation, Inc.*, 166 S.W.3d 212, 220 (Tex.2005). We will not reverse a trial court's judgment because of an erroneous evidentiary ruling unless the ruling probably caused the rendition of an improper judgment. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex.2000); *Owens–Corning Fiberglas Corp.*, 972 S.W.2d at 43. The complaining party must usually show that the whole case turned on the evidence at issue. *City*

---

4. Section 18.001 does not address the issue of causation. *Nat'l Freight, Inc. v. Snyder*, 191 S.W.3d 416, 425 (Tex.App.-Eastland 2006, no pet.); *Beauchamp*, 901 S.W.2d at 749. Thus, there must be some evidence other than section 18.001 affidavits to prove the causal link between an event and damages. *See Beauchamp*, 901 S.W.2d at 748–49.

*of Brownsville v. Alvarado*, 897 S.W.2d 750, 753–54 (Tex.1995). The party need not show that a different judgment would necessarily have been rendered, but only that the error probably resulted in an improper judgment. *Id.*

We examine the entire record in making this determination of harm. *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex.2001). Because Hong filed only a partial reporter's record in compliance with rule 34.6(c)(1), we presume that the partial reporter's record is the entire record for purposes of reviewing harm. *See* TEX.R.APP. P. 34.6(c)(4); *Bennett v. Cochran*, 96 S.W.3d 227, 228 (Tex. 2002).

Hong contends that he was harmed by the trial court's admission of the affidavits because

the fact that the jury was presented with medical bills of $7,222.82 [sic] and returned a verdict for personal injuries of $9,000 makes it clear that the jury based its personal injury award in large part on the medical bills submitted as exhibits despite the fact that ... Strube's counter-affidavit was timely filed with the court.

The trial court submitted the damages issue to the jury in broad form and instructed the jury to consider the following elements of damages: "Physical pain and mental anguish sustained in the past and that in reasonable probability will be sustained in the future"; "Physical impairment sustained in the past and that in reasonable probability will be sustained in the future"; "Medical care sustained in the past"; "Loss of earning capacity in the past"; "Mental pain in the past"; and "Lost wages in the past." Here, the only damage elements supported by evidence in the partial record before us are physical pain sustained in the past and medical care

sustained in the past. Bennett's affidavits as to the reasonableness and necessity of medical care services totaled $7,555.82, leaving $1,444.18 that was presumably attributable to physical pain. However, excluding the erroneously admitted affidavit as to chiropractic care, the total damages for medical care sustained in the past equaled only $860.82, which would leave a total of $8,139.18 that would be presumably attributable to physical pain. Because of the broad-form submission of the damage question, we are unable to ascertain whether the jury's damage award was primarily based on evidence of Bennett's past physical pain or on the erroneously admitted affidavit supporting the reasonableness and necessity of the charges for chiropractic care. And we must further presume that no other testimony was offered at trial that would have otherwise supported the chiropractic expenses. *See* TEX.R.APP. P. 34.6(c)(4). Accordingly, we cannot be "reasonably certain that the jury was not significantly influenced by issues erroneously submitted to it." *Romero*, 166 S.W.3d at 227–28. Because we cannot ascertain the propriety of the jury's damage verdict with reasonable certainty, we must hold that the error is reversible. TEX. R.APP. P. 44.1(a); *Romero*, 166 S.W.3d at 227–28. We therefore sustain Hong's sole issue.

## Conclusion

Having sustained Hong's sole issue, we reverse the trial court's judgment and remand this case to the trial court for a new trial.