**Opinion issued August 21, 2025.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00638-CV

———————————

**BRANDON CHIV, Appellant**

**V.**

**RANFERI MONGE FIGUEROA, Appellee**

---

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-22689**

---

### MEMORANDUM OPINION

This appeal arises from a lawsuit filed by appellee Ranferi Monge Figueroa against appellant Brandon Chiv, in which Figueroa claimed that a September 1, 2017 automobile accident involving the parties resulted from Chiv's negligence. After a two-day trial, a jury awarded Figueroa damages for injuries it found he had

sustained or would sustain due to the accident, including awards for past medical expenses, past mental anguish, and future physical pain.

In four issues on appeal, Chiv argues:

(1) the evidence is legally and factually insufficient to support the jury's award of $40,001 for imaging and epidural steroid injections as past medical expenses and $50,000 in future pain because Figueroa did not provide any expert testimony that his complained-of back injuries were caused by the accident and the trial court limited Chiv's defense;

(2) the evidence is legally and factually insufficient to support the jury's award of $5,000 in past mental anguish because Figueroa's testimony of past mental anguish did not meet the standard under Texas law;

(3) the trial court erred in striking Chiv's counteraffidavit under section 18.001 of the Texas Civil Practice and Remedies Code, which denied Chiv the opportunity to cross-examine Figueroa's experts on the reasonableness and necessity of his past medical expenses; and

(4) the trial court erred in preventing Chiv from refreshing Figueroa's memory with his prior deposition testimony because the deposition transcript was not a certified Spanish translation even though there was a certified Spanish interpreter present at trial.

We reverse certain of the damages awards in the trial court's judgment, render a take-nothing judgment on Figueroa's claim for past mental anguish damages, and remand for a new trial on the claims underlying the remainder of Figueroa's reversed damages awards. *See Nat. Gas Pipeline Co. of Am. v. Pool*, 124 S.W.3d 188, 201-02 (Tex. 2003) (noting that, prior to ordering a remand, points calling for rendition of judgment should be considered).

2

**Background**

On September 1, 2017, a car driven by Chiv collided with the rear end of a truck driven by Figueroa. Figueroa had been waiting at an intersection's yield sign to turn right onto FM 1960, and the impact pushed his truck onto FM 1960. Soon after the accident, Figueroa sought medical care for pain in his back and neck. On September 5, 2017, a chiropractor at a physical rehabilitation clinic diagnosed Figueroa as having injuries including cervical, thoracic, and lumbar strains or sprains. Figueroa participated in physical therapy sessions at the clinic from September 2017 to January 2018. The chiropractor also advised Figueroa to see a physician.

A physician later diagnosed Figueroa as having sprained ligaments and muscles in the area of his back, neck, and spine. An MRI showed a herniated lumbar disc and a herniated cervical disc. When pain medicine and other treatments did not fully control his pain, Figueroa sought out and received a series of epidural steroid injections that provided him some additional pain relief.

In response to Figueroa's service of section 18.001 affidavits, Chiv served the counteraffidavit of chiropractor Ward Beecher. In his counteraffidavit, Dr. Beecher stated that he is a chiropractor and addressed his qualifications to provide an opinion in contravention of Figueroa's affidavits regarding the cost and

3

necessity of certain medical services provided to Figueroa. Dr. Beecher listed those of Figueroa's medical records that he reviewed and opined that:

> The chiropractic and diagnostics services rendered to Ranferi Figueroa, and those costs associated with them, for treatment he received in connection with an alleged motor vehicle accident which occurred on or about, September 1, 2017, were not entirely reasonable and necessary.

Figueroa moved to strike the counteraffidavit on multiple grounds, including that Chiv's counsel had informed Figueroa's counsel that Dr. Beecher would not testify at trial. *See* TEX. CIV. PRAC. & REM. CODE § 18.001(f) ("The counteraffidavit must give reasonable notice of the basis on which the party serving it intends at trial to controvert the claim reflected by the initial affidavit and must be taken before a person authorized to administer oaths."). Just before trial began, the trial court granted the motion, noting that Chiv had not made any expert witness designations and thus had "no intention of actually bringing an expert to testify at trial."

The trial began in the afternoon of that same day and ended the next morning. Figueroa and Chiv were the only testifying witnesses. At a charge conference prior to closing arguments, the trial court overruled Chiv's objection that mental anguish should not be included in the charge because there was no evidence of mental anguish. At trial, a jury awarded Figueroa the following damages:

4

- $15,000 for past physical pain,

- $50,000 for future physical pain,

- $5,000 for past mental anguish,

- $0 for future mental anguish, and

- $57,000 for reasonable expenses of necessary past medical care.

This appeal followed.

## Jury's Damages Awards

In his first and second issues, Chiv challenges the legal and factual sufficiency of the evidence supporting the jury's awards of $40,001 for imaging and epidural steroid injections as past medical expenses, $50,000 for future pain, and $5,000 for past mental anguish. Chiv does not challenge the award of $15,000 for past physical pain.

## A.    Standard of Review

Legally sufficient evidence is that which "would enable reasonable and fair-minded people to reach the verdict under review." *Regal Fin. Co., Ltd. v. Tex Star Motors, Inc.*, 355 S.W.3d 595, 603 (Tex. 2010) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). In reviewing whether evidence is legally sufficient to support a verdict, we "must view the evidence in the light favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Id.* (quoting *City of Keller*,

5

168 S.W.3d at 807). Evidence is legally insufficient "when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *Id*. (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). Evidence that is less than a scintilla is "'so weak as to do no more than create a mere surmise or suspicion' that the fact exists." *Id*. (quoting *Kroger Tex., Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006)). For evidence to conclusively establish the opposite of a vital fact, the evidence must be the type that could not lead reasonable people to different conclusions. *Id*.

A party that attacks the factual sufficiency of an adverse finding on an issue on which it did not have the burden of proof at trial must demonstrate that the adverse finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). In conducting a factual-sufficiency review, we examine, consider, and weigh all evidence that supports or contradicts the jury's determination. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). However, we defer to the jury as the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex.

2003). If there was no objection to the jury charge, then the charge is the proper measure of the sufficiency of the evidence. *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 530 (Tex. 2002); *see also Danet v. Bhan*, 436 S.W.3d 793, 796 (Tex. 2014) ("Since neither party objected to the instruction, we are bound to review the evidence in light of the instruction actually given.").

## B.  Analysis

### 1.  Awards for past medical expenses and for future pain

Chiv complains that the evidence supporting the jury's award of $40,001 for imaging and epidural steroid injections (ESIs) contained in the jury's award for past medical expenses and $50,000 for future pain was legally and factually insufficient because Figueroa did not provide any expert testimony that his back injuries were caused by the accident.

"The general rule has long been that expert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of jurors." *Guevara v. Ferrer*, 247 S.W.3d 662, 665 (Tex. 2007). Only in limited cases will lay testimony support a causation finding that links an event with a person's physical condition. *Id.* at 666. Non-expert evidence alone is sufficient to support a finding of causation in limited circumstances where both the occurrence and conditions complained of are such that the general experience and

7

common sense of laypersons are sufficient to evaluate the conditions and whether they were probably caused by the occurrence. *Id.* at 668.

This court has previously held that the types of injuries with which Figueroa was diagnosed are not the types of injury that fall into the exception carved out by the Texas Supreme Court in *Guevara*. *See Lara v. Bui*, No. 01-21-00484-CV, 2023 WL 2249205, at *4 (Tex. App.—Houston [1st Dist.] Feb. 28, 2023, pet. denied) (mem. op.) (holding that *Guevara* exception did not apply in case in which plaintiff suffered injuries including cervicalgia, lumbalgia, lumbar radiculopathy, and two herniated discs); *Sanchez v. Leija*, No. 01-19-00165-CV, 2020 WL 7349094, at *3 (Tex. App.—Houston [1st Dist.] Dec. 15, 2020, no pet.) (mem. op.) (holding that injuries including ligament sprain of thoracic spine and lumbar spine, back spasms, and lumbar radiculopathy did not fall within *Guevara* exception).

An accident victim who seeks to recover medical expenses must both identify all the conditions that generated the expenses and show that all the conditions were caused by the accident. *Lara*, 2023 WL 2249205, at *7 (citing *JLG Trucking, LLC v. Garza*, 466 S.W.3d 157, 162 (Tex. 2015)). Here, because Figueroa offered no expert testimony at trial that his diagnosed back injuries were caused by the accident, Chiv argues that Figueroa cannot make the showing necessary to recover related medical expenses such as the cost of his MRI and ESIs. *See id.*, 2023 WL 2249205, at *7-*8 (holding that evidence was legally

insufficient to support jury award for cost of two ESIs where testimony from plaintiff's expert witness did not establish that plaintiff's injuries and need for ESIs were proximately caused by automobile accident at issue).

Some non-lay evidence of causation did go to the jury because the trial court admitted into evidence at trial medical records that include multiple reports from Dr. Shahid Syed, who appears to have concluded that at least some of Figueroa's injuries and pain were caused by the September 1, 2017 accident. The medical records were admitted as Plaintiff's Exhibit 2. *See infra* note 4. Dr. Syed's reports were admitted as attachments to an affidavit that Figueroa submitted under section 18.001 of the Texas Civil Practice and Remedies Code, even though the affidavit was removed from the exhibit at the time it was admitted. *Id.*

We hold below that the trial court erred in admitting Figueroa's section 18.001 affidavits and, as noted below, the remedy for the improper admission of a section 18.001 affidavit is a new trial on the claim underlying the award of medical expenses encompassed by the affidavit. Because the trial court's erroneous admission of the section 18.001 affidavits also impacted Figueroa's presentation of his case at trial,[1] that result better serves the interests of justice than a take-nothing

---

[1]  *See* TEX. CIV. PRAC. & REM. CODE § 18.001(b) ("Unless a controverting affidavit is served . . . , an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary *is sufficient evidence* to support a finding of fact by judge or jury

judgment in Chiv's favor. TEX. R. APP. P. 43.3 (noting exceptions to general rule requiring, upon reversal, rendition of judgment trial court should have rendered—including where required by interests of justice); *see also FieldTurf USA, Inc. v. Pleasant Grove Indep. Sch. Dist*., 642 S.W.3d 829, 836 (Tex. 2022) (stating that, when trial court error prevented full development and presentation of evidence, remand in interest of justice is warranted); *Ramirez v. Sanchez*, No. 01-21-00417-CV, 2023 WL 2919545, at *10 (Tex. App.—Houston [1st Dist.] Apr. 13, 2023, no pet.) (mem. op.) (holding that, where trial court's erroneous ruling necessarily impacted presentation of evidence at trial, remand best comported with interests of justice); *Tex. Windstorm Ins. Ass'n v. Dickinson Indep. Sch. Dist*., 561 S.W.3d 263, 281 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) ("As the entire trial proceedings were premised on erroneous summary judgment orders, the more prudent course of action is to restore the parties to the status quo at the time of the summary judgment rulings and begin anew.").

As support for his argument that the evidence was insufficient to support the jury's award for future pain and suffering, Chiv relies primarily on this Court's decision in *Sanchez v. Leija* and the decision in *Strahan v. Davis*, 872 S.W.2d 828 (Tex. App.—Waco 1994, no writ). In *Sanchez*, we affirmed the trial court's order granting a no-evidence partial summary judgment on the ground that the plaintiff

that the amount charged was reasonable or that the service was necessary." (emphasis added)).

10

had failed to present more than a scintilla of competent evidence on the element of causation of his medical injuries. 2020 WL 7349094, at *4. We did not review the trial court's summary judgment against the plaintiff on its claim for future pain and suffering. *See McGee v. Tatum*, No. 05-21-00303-CV, 2022 WL 17248174, at *8 (Tex. App.—Dallas Nov. 28, 2022, no pet.) (mem. op.) (rejecting argument that, in *Sanchez*, this Court affirmed trial court's summary judgment on plaintiff's claim for future pain and suffering).

In *Strahan*, the Waco court of appeals ruled that a jury's award of future pain and suffering should be disregarded given a complete absence of evidence to support that award. *Strahan*, 872 S.W.2d at 834 (rejecting appellee's argument that award was supported by his testimony that his knee was "popping" and his eye was itching while he testified at trial). The court of appeals did not hold that an award of future pain and suffering must be supported by expert testimony.

Like the appellant in *McGee*, Chiv has cited no authority for his position that an award of future pain and suffering must be supported by expert testimony. *See* 2022 WL 17248174, at *8 (overruling argument that evidence was legally insufficient to support jury award for future pain and suffering because it did not include expert testimony). We thus overrule Chiv's first issue to the extent it extends to the jury's award of future pain and suffering. Like the court of appeals in *McGee*, we do not hold that expert medical evidence is not required to prove

11

future pain and suffering—just that Chiv failed to present sufficient argument and authority that expert medical evidence is required. *See id*., 2022 WL 17248174, at *8 n.4.

2.    **Award for past mental anguish**

Chiv also complains that the evidence supporting the jury's award of $5,000 to Figueroa for past mental anguish does not meet the standard required by Texas law for an award of such damages. The jury was instructed that "mental anguish" is "defined as intense pain of body or mind or high degree of mental suffering, involving more than mere worry, anxiety, vexation, or anger." *See Hicks v. Ricardo*, 834 S.W.2d 587, 590 (Tex. App.—Houston [1st Dist.] 1992, no writ) (defining mental anguish as intense pain of body or mind or a high degree of mental suffering, and something more than mere worry, anxiety, vexation, or anger).

Mental anguish is compensable only if it causes a substantial disruption in daily routine or a high degree of mental pain and distress. *Hancock v. Variyam*, 400 S.W.3d 59, 68 (Tex. 2013). Establishing a substantial disruption in daily routine requires direct evidence of the nature, duration, and severity of the plaintiff's mental anguish. *SCI Tex. Funeral Servs., Inc. v. Nelson*, 540 S.W.3d 539, 544 (Tex. 2018). The impossibility of any exact evaluation of mental anguish requires that juries be given a measure of discretion in finding damages, but that

discretion is limited. *Bentley v. Bunton*, 94 S.W.3d 561, 606 (Tex. 2002); *Saenz v. Fidelity & Guar. Ins. Underwriters*, 925 S.W.2d 607, 614 (Tex. 1996). The jury cannot simply pick a number and must instead—as instructed in the standard jury charge—find an amount that would fairly and reasonably compensate for the loss. *Bentley*, 94 S.W.3d at 606; *Saenz*, 925 S.W.2d at 614.

Chiv argues on appeal that Figueroa testified only that his pain was "stressful" and that he was "maybe suffering from trauma," and that such testimony is insufficient to support the jury's award of past mental anguish damages. He cites as support the Texas Supreme Court's decision in *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995) (holding that mental anguish claimant must introduce direct evidence of nature, duration, and severity of alleged anguish, establishing substantial disruption in daily routine, or evidence of high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger). Chiv argues further that Figueroa failed to present sufficient evidence to support the amount of mental anguish damages awarded by the jury.

Figueroa did not present evidence at trial of a high degree of mental pain and distress. In addition, while he did testify to ways in which his physical pain had disrupted his daily routine, he did not describe any *substantial* disruption in his

daily routine *due to mental anguish*. We thus conclude that the evidence was legally insufficient to support the jury's award for past mental anguish.

## Counteraffidavit

In his third issue, Chiv claims that the trial court erred in striking his counteraffidavit under section 18.001 of the Texas Civil Practice and Remedies Code because Chiv had not designated any expert witnesses. We agree that the trial court erred in striking the counteraffidavit on that basis.

As stated in section 18.001(f), Chiv's counteraffidavit was required to provide reasonable notice of the basis on which Chiv intended to controvert the claim reflected by Figueroa's section 18.001 affidavits. While section 18.001(f) requires that the counteraffidavit be made by a person who is qualified to testify in contravention of all or part of any of the matters contained in the claimant's affidavit, it does not require that such person be a designated expert. *See Hong v. Bennett*, 209 S.W.3d 795, 798, 802-04 (Tex. App.—Fort Worth 2006, no pet.) (holding that trial court abused its discretion in permitting claimant to rely at trial on affidavit rather than live expert testimony regarding medical expenses because respondent had submitted counteraffidavit that met requirements of section 18.001(f), rejecting claimant's argument that counteraffidavit was insufficient for reasons including that respondent had not designated affiant as an expert).

When a defendant's counteraffidavit is improperly stricken and the basis of an appeal, the court must determine whether the error was harmful. *In re Brown*, No. 12-18-00295-CV, 2019 WL 1032458, at \*6 (Tex. App.—Tyler Mar. 5, 2019, no pet.) (mem. op.) (citing TEX. R. APP. P. 44.1). The error is harmful if it probably caused the rendition of an improper judgment. *Romero v. KPH Consolidation, Inc.*, 166 S.W.3d 212, 225 (Tex. 2005) (citing TEX. R. APP. P. 44.1(a)). If erroneously admitted or excluded evidence was crucial to a key issue, the error was likely harmful. *JLG Trucking*, 466 S.W.3d at 165. The erroneous admission or exclusion of evidence is likely harmless if the evidence was cumulative, or if the rest of the evidence was so one-sided that the error likely made no difference. *Id.*

Figueroa argues that any error in the trial court's ruling striking the counteraffidavit was harmless because it did not prevent Chiv from challenging at trial the reasonableness and necessity of Figueroa's medical expenses. Section 18.001 is a purely procedural statute designed to streamline proof of the reasonableness and necessity of medical expenses. *In re Allstate Indem. Co.*, 622 S.W.3d 870, 881 (Tex. 2021). Section 18.001 permits a claimant, in the absence of a counteraffidavit, to rely at trial on an affidavit setting forth the necessity and reasonableness of medical expenses and avoid adducing expert testimony on those issues. *Id.* "[N]othing in section 18.001 even suggests an uncontroverted affidavit may be *conclusive* on reasonableness and necessity." *Id.* (emphasis in original). As

such, in the absence of a counter-affidavit, the respondent is still able to challenge at trial the reasonableness and necessity of the claimant's medical expenses. *Id.* ("There is no textual support for the assertion that the absence of a proper counteraffidavit constitutes a basis to constrain the defendant's ability to challenge—through evidence or argument—the claimant's assertion that her medical expenses are reasonable and necessary. The claimant's decision to file initial affidavits *may* relieve her of the burden to adduce expert trial testimony on reasonableness and necessity, but the opposing party's failure to serve a compliant counteraffidavit has *no* impact on its ability to challenge reasonableness or necessity at trial." (emphasis in original)).

Chiv argues that he was nevertheless harmed by the trial court's ruling striking Dr. Beecher's counteraffidavit because the ruling permitted Figueroa to rely at trial on his section 18.001 affidavits rather than live testimony to prove the reasonableness and necessity of his medical expenses. Chiv argues that the trial court thus deprived Chiv of the opportunity to cross-examine Figueroa's expert witnesses.

We agree with Chiv that the trial court's striking his counteraffidavit was not harmless error. As noted above, the only non-lay evidence of causation was medical reports that were admitted as attachments to one of Figueroa's section 18.001 affidavits. In addition, Figueroa was required to establish the

16

reasonableness of his medical expenses through the section 18.001 procedure or expert testimony. *See In re Allstate Indem. Co*., 622 S.W.3d at 876 (claimants who do not avail themselves of the procedure set forth in section 18.001 must present expert testimony to establish reasonableness of their medical expenses). The only non-lay medical necessity testimony Figueroa presented to the jury was affidavits from billing records custodians for medical providers stating that certain medical services provided to Figueroa were necessary and that the amounts charged for those services were reasonable. And while at least some of Figueroa's section 18.001 affidavits do not appear to have been read or shown to the jury, the medical records attached to those affidavits were admitted as trial exhibits.[2] Those records include assertions by medical professionals regarding the cause of Figueroa's injuries and the medical necessity of certain treatments received by Figueroa. *See JLG Trucking*, 466 S.W.3d at 165 (erroneous admission of evidence crucial to key issue was likely harmful).

Figueroa does not argue that the admitted evidence of causation and medical necessity was cumulative and, from the record, it does not appear to have been. *See JLG Trucking*, 466 S.W.3d at 165 (erroneous admission of evidence is likely

---

[2] The section 18.001 affidavits for Plaintiff's Exhibits 2, 6, 8, 10, 12, and 14 were removed from the medical records before the medical records were given to the jury. Figueroa's counsel did not object to their removal and, on appeal, does not argue that the trial court's striking Chiv's counteraffidavit was harmless given the affidavits were not entered into evidence.

harmless if evidence was cumulative). We thus cannot hold that the trial court's error in striking Chiv's counteraffidavit was harmless. *See Liang v. Edwards*, No. 05-15-01038-CV, 2016 WL 7163841, at *6 (Tex. App.—Dallas Nov. 23, 2016, no pet.) (mem. op.) (holding that, where full award of past medical expenses was not supported without improperly admitted section 18.001 affidavits, trial court's error in admitting those affidavits was harmful); *Hong*, 209 S.W.3d at 805 (holding that appellant was harmed by erroneous admission of section 18.001 affidavits presumed to be only evidence of reasonableness and necessity of medical costs that were element of broad-form damages submission to jury because court of appeals could not be reasonably certain that issue erroneously submitted to jury did not significantly influence jury).[3] Moreover, as Chiv notes, the court's ruling striking his counteraffidavit effectively shielded Figueroa's experts from cross-examination. *Cf. In re Allstate Indem. Co.*, 622 S.W.3d at 883 (holding that respondent had no adequate remedy by appeal where trial court order striking counteraffidavit prevented respondent from challenging claimant's evidence in any way, including through cross-examination).

We thus sustain Chiv's third issue on appeal, reverse the portion of the trial court's judgment awarding expenses for past medical care, and remand to the trial

---

[3] *Cf. Gulf Coast Ctr. v. Curry*, 644 S.W.3d 370, 381 (Tex. App.—Houston [1st Dist.] 2020) (holding that erroneous admission of medical expense affidavits was harmless because they were cumulative of live expert testimony, distinguishing holding in *Liang*), *rev'd on other grounds*, 658 S.W.3d 281 (Tex. 2022).

court for a new trial on that damages claim. *See Liang*, 2016 WL 7163841, at *6 (holding that, where full award of past medical expenses was not supported without improperly admitted section 18.001 affidavits, proper remedy was to reverse and remand for new trial); *Hong*, 209 S.W.3d at 805 (reversing trial court's judgment and remanding for new trial based on erroneous admission of section 18.001 affidavits).

## Improper Impeachment

We overrule Chiv's fourth issue, in which he claims that the trial court improperly prohibited his counsel, during his cross-examination of Figueroa at trial, from showing Figueroa a copy of his deposition transcript to refresh his recollection. First, the reporter's record does not support Chiv's characterization of the trial court's rulings as being based on the fact that the deposition transcript was not a certified Spanish-language copy. The first ruling followed Chiv's counsel's asking Figueroa on cross-examination whether it was true that, at the time of his deposition, Figueroa did not remember the date of the accident. Figueroa responded: "Because I started pointing three years went by and I was never shown records, records or evidence." Chiv's counsel then asked to approach the witness to refresh his memory. The trial court sustained Figueroa's "improper impeachment" objection, and only after sustaining the objection asked: "Also, is that deposition transcript in English or Spanish?" and "Do you have a certified copy in Spanish for

him to use?" A few minutes later, Chiv's counsel asked Figueroa whether, for a period during his work history, Figueroa had to lift heavy pieces of granite without any special machinery. When Figueroa responded that there is always machinery to move material, Chiv's counsel asked to "approach the witness and have the certified court translator translate a portion of plaintiff's official deposition to refresh his memory." The trial court responded "no," and Chiv's counsel proceeded with his cross-examination.

Second, the reporter's record does not show, and Chiv does not argue, that Chiv's counsel preserved any error in the trial court's rulings for our review. *See Gunn v. McCoy*, 554 S.W.3d 645, 666 (Tex. 2018) (noting that, to preserve error in court's exclusion of evidence, party must make offer of proof informing court of substance of excluded evidence (citing TEX. R. EVID. 103)).

**Conclusion**

We conclude that the evidence supporting the award of $5,000 for past mental anguish was legally insufficient. Therefore, we reverse that portion of the trial court's judgment and render a take-nothing judgment as to that damages claim. Further, because the trial court erred in striking Chiv's counteraffidavit, we also reverse the portion of the trial court's judgment awarding Figueroa expenses for past medical care, and remand to the trial court for a new trial on Figueroa's underlying damages claim.

Amparo "Amy" Guerra
Justice

Panel consists of Justices Guerra, Gunn, and Dokupil.